Derrick C. SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0708–CR–357.

Court of Appeals of Indiana.

March 7, 2008.

Jeffrey Schlesinger, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

A person commits aggravated battery by knowingly or intentionally inflicting in-

jury on a person that causes protracted loss or impairment of the function of a bodily member or organ.[1] The case before us requires us to address as an issue of first impression whether a tooth is a "bodily member or organ" within the definition of this statute. Relying on caselaw from other jurisdictions interpreting similar aggravated battery statutes, we conclude that a tooth is a "bodily member or organ" within the definition of Indiana's aggravated battery statute.

Appellant-defendant Derrick Smith appeals his convictions and sentence for Robbery,[2] a class B felony, Aggravated Battery,[3] a class B felony, Criminal Confinement,[4] a class D felony, and Attempted Escape,[5] a class B felony. Specifically, Smith argues that (1) the evidence was insufficient to support his conviction for robbery because his victim did not have possession of or authority over the keys he took; (2) the evidence was insufficient to support his conviction for aggravated battery because a victim's tooth is not a member or organ of the body for purposes of the aggravated battery statute; (3) the convictions for robbery and criminal confinement violate Indiana Code section 35–38–1–6 because, in this case, criminal confinement is a lesser-included offense of robbery; and (4) the trial court improperly ordered the sentence for criminal confinement to run consecutively to the other sentences imposed in the case. While Smith's arguments do not amount to reversible error, we find, sua sponte, that his convictions for class B felony robbery and class B felony aggravated battery violate the double jeopardy clause of the Indiana Constitution. Thus, the judgment of the trial court is affirmed in part, reversed in part, and remanded to the trial court with instructions contained herein.

## FACTS

On August 11, 2006, Smith was an inmate at the Lake County Jail. Officer Doris Wheeler was a correctional officer working in the jail's control booth that night. At approximately 1:25 a.m., Smith and another inmate, William Whiters, entered the jail control booth. Smith hit Officer Wheeler twice in the mouth, and both inmates pushed her to the ground and sat on her. Smith and Whiters unsuccessfully searched Officer Wheeler for her clocking card, which is "what [is] use[d] to get from one pod to another or [to another] section in the jail." Tr. p. 176.

After failing to find Officer Wheeler's clocking card, Smith attempted to unlock the nearby door with the computer in the control booth. Whiters demanded that Officer Wheeler get up and, when she did not comply, Whiters dragged her to a bathroom. While Whiters was dragging Officer Wheeler to the bathroom, Smith grabbed some keys from a box inside the control booth and unsuccessfully tried to open a nearby door with the keys. Whiters left Officer Wheeler in the bathroom and began to help Smith. Left unattended, Officer Wheeler got up, went to the computer, locked all security doors, and called for assistance. Officers heard the call and responded at approximately 1:30 a.m. Smith and Whiters fled to another area of the jail where they were later apprehended.

Officer Wheeler was bleeding heavily from the mouth when she was found and one of her teeth was severely damaged.

1. Ind.Code § 35–42–2–1.5(2).

2. I.C. § 35–42–5–1.

3. I.C. § 35–42–2–1.5.

4. I.C. § 35–42–3–3.

5. Ind.Code §§ 35–44–3–5, 35–41–5–1.

Ultimately, the tooth had to be surgically removed and an artificial tooth was cemented in its place.

On August 17, 2006, Smith was charged with multiple counts of robbery, criminal confinement, aggravated battery, attempted escape, battery, and theft. A jury trial began on May 14, 2007, and a jury found Smith guilty of class B felony robbery, class B felony aggravated battery, class D felony criminal confinement, and class B felony attempted escape.[6] A sentencing hearing was held on June 28, 2007, and Smith was sentenced to twenty years for each of the class B felony convictions and three years for the class D felony criminal confinement conviction. The three-year criminal confinement sentence was ordered to run consecutively to the concurrent class B felony sentences, resulting in an aggregate term of twenty-three years imprisonment. Smith now appeals.

## DISCUSSION AND DECISION

### I. Sufficiency

Smith argues that the State presented insufficient evidence to support his robbery and aggravated battery convictions. When reviewing challenges to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Vasquez v. State*, 741 N.E.2d 1214, 1216 (Ind.2001). Rather, we will examine the evidence and the reasonable inferences that may be drawn therefrom that support the verdict and will affirm a conviction if there is probative evidence based on which a jury could find the defen-

dant guilty beyond a reasonable doubt. *Id.* Put another way, we will affirm unless "no rational fact-finder" could have found the defendant guilty beyond a reasonable doubt. *Clark v. State*, 728 N.E.2d 880, 887 (Ind.Ct.App.2000).

### A. Robbery

■ Smith argues that the State did not present sufficient evidence to support his robbery conviction. Specifically, Smith argues that he did not commit robbery because "[Officer] Wheeler neither had possession of the keys nor were they under her personal protection." Appellant's Br. p. 7.

■ A person who knowingly or intentionally takes property from another person or from the presence of another person by using or threatening the use of force on any person or by putting any person in fear commits class C felony robbery.[7] I.C. § 35–42–5–1. Smith does not dispute that he took the keys by using force. Instead, he argues that he did not commit robbery because the keys he took belonged to the Lake County Jail, not Officer Wheeler. A perpetrator commits robbery even if the property seized is not owned by the victim so long as it is merely under the personal protection of the victim. *Highbaugh v. State*, 773 N.E.2d 247, 251 (Ind.2002).

Smith directs us to Officer Wheeler's testimony that she was not in charge of the keys he took from the control room:

Q. Being that you're assigned to [the control booth], are you responsible for

---

6. Smith was also found guilty of class D felony theft, class C felony attempted escape, and class D felony battery but the trial court did not enter judgment on those convictions, concluding that they were included in other convicted offenses. Sent. Tr. p. 4–9.

7. The offense is a class B felony if it results in bodily injury to a person other than the defendant. I.C. § 35–42–5–1. While Smith was convicted of class B felony robbery, as detailed later in this opinion, his conviction violates the double jeopardy provision of the Indiana Constitution and, thus, must be reduced to class C felony robbery.

the equipment, as well as the keys in that control booth?

A. No sir, that's [the] H pod person.

Q. Okay. So if those keys were missing from that box, would you get in trouble?

A. No, sir.

Tr. p. 245. However, Officer Jeffery Stilwell testified that "every officer that is down there [in the control booth] is responsible for the keys that are in that box ... [and t]he officers that are assigned to booking and H pod are responsible for the keys that are in the lock box inside the control booth." *Id.* at 126. When specifically asked if Officer Wheeler was authorized to use the keys that Smith stole, Officer Stilwell responded, "Yes." *Id.* at 127.

■ Because the State presented evidence that Officer Wheeler had authority over the keys, we conclude that it presented sufficient evidence to prove that the property Smith stole was "under the professional protection of the victim." *Highbaugh*, 773 N.E.2d at 251. While we acknowledge Officer Wheeler's conflicting testimony, it is well established that inconsistencies in the evidence are for the factfinder to evaluate and "it is the role of the factfinder, not the reviewing court, to determine what evidence to believe." *Mendoza v. State*, 869 N.E.2d 546, 554 (Ind.Ct. App.2007), *trans. denied.* Thus, we decline Smith's invitation for us to reweigh the evidence presented at trial and, instead, conclude that the State presented sufficient evidence to sustain the robbery conviction.

### B. Aggravated Battery

Smith also argues that the State did not present sufficient evidence to support his aggravated battery conviction. Specifically, Smith argues that Officer Wheeler's broken tooth is not a severe enough injury to sustain his conviction because, as a matter of law, a tooth is not a bodily member or organ within the definition of the aggravated battery statute.

A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes (1) serious permanent disfigurement or (2) protracted loss or impairment of the function of a bodily member or organ commits class B felony aggravated battery. I.C. § 35-42-2-1.5. In *Neville v. State*, we recognized that "there is no statutory definition for the word 'protracted.'" 802 N.E.2d 516, 518 (Ind.Ct.App.2004). Consequently, we turned to the rules of statutory interpretation to determine and give effect to the intent of the legislature, and we ultimately held that the plain meaning of "protracted" is "to draw out or lengthen in time; prolong." *Id.* Following the same logic, we held in *Fleming v. State* that the word "impairment" means "[t]he fact or state of being damaged, weakened, or diminished" for purposes of the aggravated battery statute. 833 N.E.2d 84, 89 (Ind. Ct.App.2005).

■ Smith argues that Officer Wheeler's injury cannot fall under the second prong of the aggravated battery statute because "the tooth was neither a bodily member or organ." Appellant's Br. p. 8. While there is no Indiana precedent for the notion that a tooth is a bodily member or organ for purposes of our aggravated battery statute, several other jurisdictions have analyzed similar statutes and arrived at that conclusion. *See, e.g., Rivers v. State*, 255 Ga.App. 422, 565 S.E.2d 596, 597 (2002) (holding that the evidence "is sufficient to sustain a conviction for aggravated battery when the bodily member that is lost or rendered useless in the battery is a tooth"); *McBeath v. State*, 739 So.2d 451, 455 (Miss.Ct.App.1999) (holding that tooth was a "member" and loss of tooth consti-

tuted "serious bodily injury" for purposes of aggravated battery statute); *Lenzy v. State*, 689 S.W.2d 305, 310 (Tex.Ct.App. 1985) (holding that "teeth are separate, definable parts of the body sufficient to bring them with[in] the statutory term 'bodily member or organ' "). In fact, we are unable to find an appellate court that has addressed this issue and reached the opposite conclusion. Thus, we hold that a tooth is as a bodily member or organ for purposes of Indiana Code section 35–42–2–1.5.

Smith broke one of Officer Wheeler's teeth and that tooth had to be surgically removed. Tr. p. 190. At trial, Officer Wheeler testified that

> there was too much damage to do like a partial, like to put the tooth up because there wasn't [any] more nerves there. So [the doctor] had to figure out a way—he cemented them. He had to file down these teeth—none of these are mine in the front. He had to file down these over here and cement it to this one. So really, every time I chew or whatever, I get a brain freeze because there's you know, [there is] no nerve there; it's just sitting up against these teeth.

*Id.* at 191–92. Thus, the evidence presented at trial established that, as a result of Smith's actions, Officer Wheeler permanently lost the function of her tooth because it had to be surgically removed and artificially replaced. We find this evidence

to be sufficient to sustain Smith's aggravated battery conviction.[8]

### III. Conviction of Lesser–Included Offense

Smith argues that his convictions for robbery and criminal confinement violate Indiana Code section 35–38–1–6 [9] because, pursuant to the facts of this case, confinement is a lesser-included offense of robbery. Specifically, Smith argues that "the same acts of force, striking [Officer] Wheeler and sitting on her, may not be used as the basis for both convictions." Appellant's Br. p. 9.

Indiana Code section 35–38–1–6 protects defendants charged with an offense and a lesser-included offense from being found guilty of both charges because this would be tantamount to convicting a defendant twice for the same conduct. *Harvey v. State*, 719 N.E.2d 406, 411 (Ind.Ct.App.1999). An offense is inherently included in another when it may be established by proof of the same material elements or less than all the material elements that define the "greater" crime charged. *Id.* An offense is factually included in another when the charging instrument alleges "the means used to commit the crime charged include all of the elements of the alleged lesser included offense." *Id.*

We have previously held that confinement is inherently included in robbery

---

8. While Smith also argues that the State presented no evidence that Officer Wheeler was permanently disfigured as a result of the attack, the aggravated battery statute only requires the defendant to cause *one* of the listed injuries. *See* I.C. § 35–42–2–1.5 (containing "or" between the listed injuries that constitute aggravated battery). Thus, we need not address Smith's argument regarding Officer Wheeler's alleged disfigurement or lack thereof.

9. Indiana Code section 35–38–1–6 provides:

> Whenever:
> (1) a defendant is charged with an offense and an included offense in separate counts; and
> (2) the defendant is found guilty of both counts;
> judgment and sentence may not be entered against the defendant for the included offense.

because the "use or threat of force" element needed to support the robbery conviction is not distinct from the "confinement" element needed to support the criminal confinement conviction. *Harvey,* 719 N.E.2d at 411. Therefore, "[u]nless there is force used beyond that which is inherently necessary in any robbery, there cannot be a separate criminal confinement conviction." *Id.*

■ At the sentencing hearing, Smith argued that his robbery and criminal confinement convictions violate Indiana Code section 35–38–1–6. The trial court disagreed, concluding:

> All right, well the Court believes that it would not be a lesser[-included offense] as there was a separate act in that they removed her to another area and confined her in that bathroom, which in the Court's opinion was a separate act other than the sitting on her in the [control booth].... That the initial act began in the control room. She was hit and held there but eventually taken to the bathroom and confined in the bathroom. So, I think that is a separate act and it's not a lesser included.

Sent. Tr. p. 6–7.

■ We agree with the trial court that dragging Officer Wheeler to the control booth's bathroom constituted force beyond that necessary for the robbery. The evidence presented at trial showed that Whiters continued to sit on Officer Wheeler's back while Smith attempted to unlock the nearby door with the control booth computer. Tr. p. 178. Had this been the only evidence of confinement, we would be inclined to vacate Smith's criminal confinement conviction. However, Whiters[10]

then used additional force by dragging Officer Wheeler to the bathroom to further confine her. This additional force "was more extensive than that necessary to effect the robbery." *Merriweather v. State,* 778 N.E.2d 449, 457 (Ind.Ct.App.2002). Thus, Smith's convictions for both offenses do not violate Indiana Code section 35–38–1–6.

## IV. Double Jeopardy

■ Although Smith does not raise this claim, we conclude that his convictions for class B felony robbery and class B felony aggravated battery violate the double jeopardy clause of the Indiana Constitution. We raise this issue sua sponte because a double jeopardy violation, if shown, implicates fundamental rights. *Scott v. State,* 855 N.E.2d 1068, 1074 (Ind. Ct.App.2006).

■ Article I, section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." In *Richardson v. State,* our Supreme Court held that "two or more offenses are the 'same offense' in violation of Article I, section 14 of the Indiana Constitution if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." 717 N.E.2d 32, 49 (Ind.1999) (emphases in original).

■ Under the actual evidence test, the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate

10. While Smith does not argue that the criminal confinement conviction cannot stand because it was *Whiters* who moved Officer Wheeler to the bathroom, we note that "[a]n accomplice can be held criminally liable for everything done by his confederates which was a probable and natural consequence of their common plan." *Vasquez v. State,* 762 N.E.2d 92, 95 (Ind.2001).

and distinct facts. *Id.* at 53. To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.*

██ Smith was convicted of both class B felony robbery, which requires bodily injury to a person other than the defendant, I.C. § 35–42–5–1, and aggravated battery, which requires an injury that causes protracted loss or impairment of the function of a bodily member or organ, I.C. § 35–42–5–1. It is improper for the State to rely on evidence of the same injury to sustain a conviction for both class A felony robbery and class B felony aggravated battery. *Burnett v. State,* 736 N.E.2d 259, 262–63 (Ind.2000), *overruled on other grounds by Ludy v. State,* 784 N.E.2d 459 (Ind.2003).

The evidence presented at trial was that Smith hit Officer Wheeler twice in the mouth, knocking her tooth loose. Tr. p. 174. Because this was the only evidence presented regarding injuries Officer Wheeler sustained during the incident, we conclude that there is a reasonable possibility the jury used the same evidence to establish the essential injury elements of both the elevated robbery charge and the aggravated battery charge.

██ When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. *Richardson,* 717 N.E.2d at 54. Thus, we reverse Smith's conviction for class B felony robbery and remand this matter to the trial court with instructions that it enter a conviction for class C felony robbery.[11] Furthermore, "[i]n the interest of efficient judicial administration, the trial court need not undertake a full sentencing reevaluation, but rather the reviewing court will make this determination itself, being mindful of the penal consequences that the trial court found appropriate." *Id.* Because the trial court imposed the maximum twenty-year sentence for Smith's class B felony robbery conviction, we follow its lead and order it to impose the maximum[12] eight-year sentence for the class C felony robbery conviction, with that sentence to run concurrently to previously-imposed sentences on the remaining convictions.

## IV. Sentencing

The trial court found three aggravating factors at the sentencing hearing—Smith's extensive prior criminal history, the fact that he was "habitual eligible," and the nature and circumstances of the crime. Sent. Tr. p. 34. The trial court found Smith's remorse to be a mitigating factor. While Smith acknowledges that the trial court found the aggravating factors to outweigh the mitigating factors, he argues

---

11. A person commits class C felony robbery by knowingly or intentionally taking property from another person by using or threatening the use of force or by putting any person in fear. I.C. § 35–42–5–1. The essential elements of aggravated battery include a bodily injury element, "which is not included in the essential elements of [class C felony] robbery." *Richardson,* 717 N.E.2d at 52. Thus,

entering a conviction for class C felony robbery eliminates the double jeopardy violation in this case.

12. Indiana code section 35–50–2–6 mandates that a person who commits a class C felony shall be imprisoned for a fixed term of two to eight years imprisonment, with the advisory sentence being four years.

that the trial court erred by imposing the three-year sentence for criminal confinement consecutively to the other sentences. Smith specifically attacks the trial court's decision to impose the "consecutive sentencing [on the criminal confinement sentence] because of the nature and circumstances of the crime." Appellant's Br. p. 11. Put another way, "[b]ecause the nature and circumstances of the crimes had already been found as an aggravating factor upon which to base the maximum twenty year sentence, the court should not have used that factor as a reason to impose a consecutive sentence for criminal confinement." *Id.*

 Sentencing decisions are within the discretion of the trial court and will be reversed only upon a showing of an abuse of that discretion. *Westmoreland v. State*, 787 N.E.2d 1005, 1008 (Ind.Ct.App. 2003). The trial court's sentencing discretion includes determining whether to increase the sentence, to impose consecutive sentences on multiple convictions, or both. *Parker v. State*, 773 N.E.2d 867, 872 (Ind. Ct.App.2002).

Indiana Code section 35–50–1–2(c) provides that the trial court shall determine whether the terms of imprisonment shall be served concurrently or consecutively and, in doing so, it may consider the aggravating and mitigating circumstances. Thus, it was proper for the trial court to consider the aggravating and mitigating factors when determining how to impose the sentences for Smith's crimes.

 Smith cites no caselaw for his proposition that the trial court must cite independent aggravating factors to support enhanced and consecutive sentences. However, even assuming for the sake of

the argument that it was improper for the trial court to rely on one aggravating factor—the nature and circumstances of the crime—to impose enhanced consecutive sentences, Smith does not argue that any of the aggravating factors the trial court found were improper. Thus, within the confines of Smith's argument, the trial court could have relied on his extensive criminal history [13] to enhance the sentences and then relied on the nature and circumstances of the crime to run the criminal confinement sentence consecutively to the other sentences. Because Smith does not argue that the trial court erred in finding aggravating or mitigating factors, we concluded that any alleged error is harmless.

The judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded to the trial court with instructions that it vacate Smith's class B felony robbery conviction, enter a conviction for class C felony robbery, and impose an eight-year term of imprisonment to run concurrently to the previously-imposed sentences on the remaining convictions.

DARDEN, J., and BRADFORD, J., concur.

---

13. As an adult, Smith has previously been convicted of one misdemeanor and seven felonies. PSI p. 13. Additionally, Smith was in jail on violent felony charges when he committed the underlying offenses. *Id.* at 11–12.