**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 18 2014, 8:34 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OLUWASEYI OJO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1405-CR-240 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David Cook, Judge
Cause No. 49F07-1402-CM-7508

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Following a bench trial, Oluwaseyi Ojo was found guilty of criminal mischief and criminal recklessness, both Class B misdemeanors. Ojo appeals those convictions, arguing the State presented insufficient evidence to prove his guilt beyond a reasonable doubt. We conclude the State presented sufficient evidence to sustain Ojo's convictions. However, we determine, sua sponte, that Ojo's dual convictions violate the Indiana Constitution's prohibition against double jeopardy. Accordingly, we affirm in part, reverse in part, and remand with instructions that the trial court vacate Ojo's conviction for criminal recklessness.

## Facts and Procedural History

On Thanksgiving Day 2013, Melissa Black, accompanied by her son, drove to Ojo's residence to pick up her daughter and two grandchildren. Black's daughter had been dating Ojo for a couple years, and she, along with her five-year-old and eight-month-old children, lived with Ojo. Black's son went inside and retrieved his sister and the two children. When they returned to the car, Black's son sat in the front passenger seat, and the three newcomers sat in the back.

As the group was driving away, Ojo called Black's daughter on her cell phone, so Black went back and pulled into Ojo's driveway. Ojo came outside and accused Black's son of stealing money and marijuana from him. Ojo then opened the back door and reached inside to grab Black's son by his jacket. Black backed out of the driveway. After she turned the car around, Ojo struck her car window with a large stick or 2 x 4

piece of lumber, shattering the glass. Black stopped the vehicle, and her daughter and two grandchildren got out. Black drove away and called the police.

Ojo was charged with Count 1, criminal mischief, a Class A misdemeanor, and Count 2, criminal recklessness, a Class B misdemeanor. A bench trial was held on May 2, 2014. Ojo was found guilty of criminal mischief as a Class B misdemeanor,[1] and criminal recklessness, a Class B misdemeanor. Ojo received concurrent sentences of 180 days suspended to probation. This appeal followed.

## Discussion and Decision

### I. Sufficiency of Evidence

Ojo claims that the State presented insufficient evidence to sustain his convictions. When reviewing a defendant's claim of insufficient evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses, and we must respect the trier of fact's ability to weigh conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences therefrom supporting the verdict. Id. We will affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted).

Quoting the relevant statutes, Ojo acknowledges that an act of breaking Black's window and shattering the glass would fulfill the elements of both crimes. Despite Black's testimony that Ojo did just that, Ojo refers us to his own trial testimony in which

---

[1] Ojo's conviction for criminal mischief as a Class B misdemeanor is a lesser included offense of Count 1, which was charged as a Class A misdemeanor.

he denied ever hitting Black's window and causing damage to her car. He further argues that Black's testimony does not prove guilt beyond a reasonable doubt because of Black's bias against him. Ojo's argument is a straightforward request to reweigh conflicting evidence and judge the credibility of the State's key witness, which is not a function we perform when assessing whether there is sufficient evidence to sustain a conviction. Therefore, we conclude the evidence presented at trial was sufficient.

## II. Indiana Double Jeopardy Clause

Although Ojo does not raise the issue on appeal,[2] we conclude his dual convictions for criminal mischief and criminal recklessness, as the case was tried by the State, violate the Double Jeopardy Clause of the Indiana Constitution. That clause provides that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. Art. 1, § 14. Our supreme court has held that "two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999) (emphasis in original). These two approaches have been referred to as the "statutory elements test" and the "actual evidence test." See Spivey v. State, 761 N.E.2d 831, 832 (Ind. 2002).

Under the actual evidence test, we determine whether each offense was established by separate and distinct facts. Richardson, 717 N.E.2d at 53. This test is met where there

---

[2] This court has previously stated that double jeopardy issues ought to be raised sua sponte because such violations implicate a defendant's fundamental rights. See, e.g., Smith v. State, 881 N.E.2d 1040, 1047 (Ind. Ct. App. 2008).

4

is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." Id. "Application of the actual evidence test requires the reviewing court to identify the essential elements of each of the challenged crimes and to evaluate the evidence from the [fact-finder's] perspective, considering where relevant the jury instructions, argument of counsel, and other factors that may have guided the [fact-finder's] determination." Spivey, 761 N.E.2d at 832 (citing Richardson, 717 N.E.2d at 54 n.48). This court has also considered the nature of the charging information and statements made by the trial court at the conclusion of a bench trial when applying the actual evidence test. See Alexander v. State, 768 N.E.2d 971, 977-78 (Ind. Ct. App. 2002), aff'd on reh'g, 772 N.E.2d 476 (Ind. Ct. App. 2002), trans. denied.

As to Count 1, criminal mischief, the State alleged that Ojo "damage[d] or deface[d] [Black's] property, that is: 2001 Kia Rio, by breaking the window and damage [sic] the passenger side door . . . ." Appellant's Appendix at 15. As to Count 2, criminal recklessness, the operative facts alleged were Ojo's act of "breaking a vehicle window and causing the glass to strike [the grandchildren]." Id. at 15. Our review of the record reveals that, at trial, the focus was almost entirely on Ojo's act of breaking the window and the dollar value of that damage, while mention of any other damage to the car is relegated to a single passing reference during Black's testimony.[3] Meanwhile, the State's

---

[3] We take notice of a paragraph in the State's brief that implies Ojo's conviction for criminal mischief could be supported by damage to Black's car door, independent of his act of breaking Black's window. See Brief of Appellee at 4. While this may be true, it does not change our view that, considering the totality of the circumstances of this case, there is a reasonable possibility—indeed, a probability—that Ojo's act of breaking Black's window was used as the basis for both convictions.

entire closing argument is focused on Ojo's act of breaking Black's window, and the State proposed that sole act as the basis for both convictions. See Transcript at 31-34. Furthermore, the statement made by the trial court at the conclusion of the evidence refers only to damage done to the window. Based on our review of the facts and circumstances of this case, we conclude there exists a reasonable possibility that the evidentiary facts used to establish Ojo's offense of criminal mischief were the same facts used to establish the offense of criminal recklessness. Therefore, we hold that Ojo's dual convictions violate Indiana's Double Jeopardy Clause. Accordingly, we affirm Ojo's conviction for criminal mischief but remand with instructions that his criminal recklessness conviction be vacated.

## Conclusion

Concluding there was sufficient evidence to sustain Ojo's convictions, but that his convictions for criminal mischief and criminal recklessness violate the Double Jeopardy Clause of the Indiana Constitution, we affirm in part, reverse in part, and remand with instructions that Ojo's conviction for criminal recklessness be vacated.

Affirmed in part, reversed in part, and remanded.

BAILEY, J., and BROWN, J., concur.