## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 29 2017, 10:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tin Nung,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 29, 2017<br><br>Court of Appeals Case No.<br>49A04-1606-CR-1449<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Duane E.<br>Merchant, Judge Pro Tempore<br><br>Trial Court Cause No.<br>49G07-1510-CM-37196 |

**Najam, Judge.**

## Statement of the Case

Tin Nung appeals his two convictions for public intoxication, each as a Class B misdemeanor, following a bench trial. Nung raises a single issue for our review, namely, whether his two convictions are barred by Indiana's prohibitions against double jeopardy. We reverse and remand with instructions.

## Facts and Procedural History

On October 19, 2015, Indianapolis Metropolitan Police Department Officer Michael Gibson observed a vehicle stopped on Wellwood Road in Indianapolis. The stopped vehicle blocked the southbound lane of travel. Cars attempting to proceed south on Wellwood Road were forced to drive onto a curb to avoid the vehicle.

Officer Gibson observed Nung seated alone in the vehicle. The vehicle's ignition was off and there was no key in the ignition. Officer Gibson immediately detected the smell of alcohol coming from Nung.

There had been cold weather that day, including freezing rain at one point, and Nung was wearing only shorts and a t-shirt. Nung required help getting out of the car and nearly fell several times once out of the vehicle. Officer Gibson determined that Nung was intoxicated and arrested him.

On October 19, 2015, the State charged Nung with two counts of public intoxication: one for endangering himself, *see* I.C. § 7.1-5-1-3(a)(1), and one for

endangering the life of another person, *see* I.C. § 7.1-5-1-3(a)(2). Thereafter, the court held Nung's bench trial, at which Officer Gibson testified. In its closing argument, the State asserted:

> [Nung] argued that . . . the endangerment issue was the . . . weather. The State would like to point out, that was not our argument. That the vehicle being parked in the roadway with no key or no way to move the vehicle and [Nung] sitting in that vehicle, he was a danger both to himself and everybody else on the roadway . . . .

Tr. at 21. The trial court agreed with the State and found Nung guilty on both counts, stating:

> I'm finding that there was endangerment and I'm going to find him guilty on both counts. . . . In terms of endangerment, it's my understanding that the vehicle was in the roadway itself. . . . I believe that the officer also articulated that there were other vehicles in the area . . . . And I believe he articulated that at least one vehicle drove on the sidewalk to . . . get by the vehicle. And I think that that is a hazardous condition.

*Id.* at 23-24. The court then entered judgment against Nung and sentenced him to an aggregate term of 180 days imprisonment, with all but two days suspended to probation. This appeal ensued.

## Discussion and Decision

Nung asserts on appeal that the entry of two convictions of Class B misdemeanor public intoxication violated the actual evidence test under Indiana's Double Jeopardy Clause. Questions of double jeopardy implicate

fundamental rights and, as such, may be raised for the first time on appeal, or even by this court *sua sponte*. *See Smith v. State*, 881 N.E.2d 1040, 1047 (Ind. Ct. App. 2008). Whether convictions violate double jeopardy is a pure question of law, which we review *de novo*. *Rexroat v. State*, 966 N.E.2d 165, 168 (Ind. Ct. App. 2012), *trans. denied*.

[7]     Article 1, Section 14 of the Indiana Constitution prohibits double jeopardy, providing that "[n]o person shall be put in jeopardy twice for the same offense." As our supreme court has explained:

> In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999)[,] this Court concluded that two or more offenses are the same offense in violation of article 1, section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. *Id.* at 53. To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* The actual evidence test is applied to all the elements of both offenses. "In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002).

Our precedents "instruct that a 'reasonable possibility' that the jury used the same facts to reach two convictions requires substantially more than a logical possibility." *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008) (citing cases). The reasonable possibility standard "fairly implements the protections of the Indiana Double Jeopardy Clause and also permits convictions for multiple offenses committed in a protracted criminal episode when the case is prosecuted in a manner that insures that multiple guilty verdicts are not based on the same evidentiary facts." *Richardson*, 717 N.E.2d at 53 n.46. The existence of a "'reasonable possibility' turns on a practical assessment of whether the [fact-finder] may have latched on to exactly the same facts for both convictions." *Lee*, 892 N.E.2d at 1236. We evaluate the evidence from the [fact-finder's] perspective and may consider the charging information, jury instructions, and arguments of counsel. *Id.* at 1234.

*Garrett v. State*, 992 N.E.2d 710, 719-20 (Ind. 2013) (second-to-last alteration original).

[8] Nung contends that his convictions fail under the actual evidence test because the same facts—that he was intoxicated in a vehicle stopped in the middle of a road—were used to establish both his conviction for public intoxication on the grounds that he endangered himself and his conviction for public intoxication on the grounds that he endangered others. The State responds that there is no double jeopardy violation here because there was separate evidence to support each conviction. Specifically, the State argues that Nung's attire given the weather conditions "created a dangerous situation for himself . . . , which satisfies the definition of 'endanger.'" Appellee's Br. at 10 (citation omitted).

[9]     We reject the State's reliance on Nung's attire and the weather conditions, which the State itself expressly refused to rely on in the trial court. Again, during its closing argument, the State told the court, which was acting as the fact-finder, that Nung's "attire for the weather . . . was not our argument" regarding "the endangerment issue." Tr. at 21. And the trial court, in finding Nung guilty as charged, relied on the State's argument, finding that the State demonstrated endangerment by showing that "the vehicle was in the roadway"; "there were other vehicles in the area"; and "at least one vehicle drove on the sidewalk" to get around Nung, all of which demonstrated "a hazardous condition." *Id.* at 23-24.

[10]    Thus, in light of the State's explicit argument and the court's unambiguous reliance on that argument, there is more than a reasonable possibility that the trial court relied on the same evidentiary facts to find Nung guilty of both offenses—there is no question at all that the court relied on the same evidentiary facts. As such, the entry of judgment on both charges violates Indiana's Double Jeopardy Clause.

[11]    Accordingly, we must reverse one of Nung's two convictions. His convictions were both Class B misdemeanors with concurrent sentences. We reverse Nung's conviction on Count II, regarding endangerment to others. We remand with instructions for the court to vacate that conviction.

[12]    Reversed and remanded.

Riley, J., and Bradford, J., concur.