Bailey, Judge,
dissenting
I would resolve this ease differently from the majority in three respects. First, I would conclude that the SVF statute does not support two convictions under these facts. Second, because the trial court orally entered judgment of conviction on the lesser-included possession counts, and having already identified multiple issues with the sentencing order, I would instruct the-trial court to vacate the lesser-included counts that it later merged. Third, although I agree that Walton’s drug-related counts warrant concurrent, sentences under Beno and its progeny,- in light .of the resultant conflict with the statutory sentencing limit as well as the impact on the aggregate length of Walton’s sentence; I would defer to the trial court and remand for resentencing.
SVF Convictions
Walton was • convicted of multiple SVF counts based on his constructive possession of multiple firearms. If the SVF statute does not authorize,more than one conviction under these facts, then Walton’s convictions run afoul of principles of double jeopardy. It is essential, 'then, to look to the SVF statute,[4] which states that a *685 serious violent felon may not “knowingly or intentionally possess a firearm'.” I.C. § B5-47-4-5(c).
The SVF statute uses the singular language “possesses a firearm,” but it is not clear whether that permits a separate conviction for each and every firearm or a single conviction for all firearms possessed. On the one hand, this singular language could be viewed as reflecting an intent to allow a separate conviction for each and every firearm—the majority concludes as much, relying on Taylor v. State, 929 N.E.2d 912 (Ind. Ct. App. 2010), tmns. denied. On the other hand, however, it is equally plausible that the legislature selected the singular language “possesses a firearm” to ensure a conviction for the possession of one or more firearms. The majority points out that the legislature could have used more precise language if it had intended to allow a single conviction regardless of the number of firearms possessed—and it is right. But, the legislature could also have been more precise and enacted, a statute that expressly permits a conviction for each and every firearm. Yet, nothing on the face of the statute evinces a clear intent either way. Thus, the instant statute is ambiguous.[5] See Day v. State, 57 N.E.3d 809, 813 (Ind. 2016) (“[A] statute is ambiguous when it allows more than one reasonable interpretation”).
For support, the majority is inclined to look to “the way courts around the country have interpreted similar statutes.” Slip op. at 6. However, our role is to instead apply Indiana law—and when we are faced with an ambiguous statute, we turn to our canons of construction to discern the legislature’s intent. See Day, 57 N.E.3d at 813; see also Consumer Attorney Servs., P.A. v. State, 71 N.E.3d 362 (Ind. 2017). No canon is absolute, rather, these ‘“rules or maxims of construction are flexible aids to the search for meaning.’ ” Brownsburg Area Patrons Affecting Change v. Baldwin, 714 N.E.2d 135, 139 (Ind. 1999). Moreover, the legislature has codified several canons in articulating general rules of construction for the Indiana Code. See I.C. § 1-1-4-1 (setting forth rules of construction, and noting that “[t]he construction of all statutes of this state shall be by [these] rules, unless the construction is plainly repugnant to the intent of the legislature or of the context of the statute”).
Because this is a criminal case, the rule of lenity applies. See Day, 57 N.E.3d at 813; Adams v. State, 960 N.E.2d 793, 798 (Ind. 2012); Johnson v. State, 75 N.E.3d 549, 550, 552-53 (Ind. Ct. App. 2017). Under this rule, appellate courts are to “interpret[ ] the statute in the defendant’s favor' as far as the language can reasonably support.” Day, 57 N.E.3d at *686 813. Thus, if a reasonable interpretation of the SVE statute is that multiple firearms give rise to only one offense, then that interpretation controls. Cf. Am. Film Distributors, Inc. v. State, 471 N.E.2d 3, 5 (Ind. Ct. App. 1984) (“Unless there appears in the statute a clear intent to fix separate penalties ... the issue should be resolved against turning a single transaction into multiple offenses.”), trans. denied.
There is also the “ ‘well-settled rule ... that words used in their singular include also their plural.’” See Gaddis v. McCullough, 827 N.E.2d 66, 71 (Ind. Ct. App. 2005), trans. denied; see also Floyd Cty. v. City of New Albany, 1 N.E.3d 207, 217 (Ind. Ct. App. 2014) (noting the same general rule), trans. denied. Indeed, the legislature has codified this common-law principle, expressly providing that “[w]ords importing the singular number only may be also applied to the plural of persons and things.” I.C. § l-l-4-l(3). This principle lends support to the reading that the singular language used in the statute— “possesses a firearm”—requires that the possession of multiple firearms amounts to one offense, and thus only one of Walton’s convictions can stand.
Also informative is the principle of in pari materia, which provides that related statutes may help us discern legislative intent. See Klotz v. Hoyt, 900 N.E.2d 1, 5 (Ind. 2009). “Statutes are in pari mate-ria—pertain to the same subject matter— when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object.” 2B Norman J. Singer & J.D. Sham-bie Singer, Sutherland Statutes and Statutory Construction § 51:3, at 222 (7th ed. 2007) (footnotes omitted). This principle reflects the notion that “[statutes relating to the same general subject matter ... ‘should be construed together so as to produce a harmonious statutory scheme.’ ” Klotz, 900 N.E.2d at 5 (quoting Sanders v. State, 466 N.E.2d 424, 428 (Ind. 1984)); see also, e.g., State v. Gerhardt, 145 Ind. 439, 44 N.E. 469, 476 (1896) (observing that all laws regulating liquor traffic are in pari materia).
Under the principle of in pari mate-ria, courts are to consider comparable statutes when examining the statute at issue. Here, the statute concerns firearms and prohibits those with a certain status— serious violent felons—from possessing them. See I.C. § 35-47-4-5(c). Yet, generally, it is not unlawful to possess a firearm, and our body politic has decided that there is nothing inherent in most guns[6] that makes their possession illegal. Rather, it is the status of the person possessing the gun that determines whether the possession of it is illegal. In the instant case, a determination was made that Walton, having been proven to be a serious violent felon, was also found to be in possession of a firearm. Similarly, there are status offenses making it a crime for a convicted domestic batterer to possess a firearm, see I.C. § 35-47-4-6, just as it is a crime to carry a handgun without the proper license to do so. See I.C. § 35-47-2-1.
At bottom, the possession of guns is lawful for some but not lawful for all. .In this sense, the statute prohibiting those under the age of twenty-one from “possessing] an alcoholic beverage” is related to the instant statute, in that being underage is an identifiable status and alcohol is otherwise lawful to possess. See I.C. § 7.1-5-7-7. Related in this way, too, is the statute prohibiting the possession of cocaine or narcotic drugs by those who lack the prop *687 er status: holding a-valid prescription.[7] See I.C. § 35-48-4-6. Notably, though, in criminalizing the possession of certain drugs by non-prescription-holders, the legislature expressly elevated the offense based on the quantity of drugs in possession. See id. (providing, e.g., that the offense is a Level 4 felony if “the amount of the drug involved is at least ten (1Ó) but less than twenty-eight (28) grams” and elevating the offense to a Level 3 felony if the amount is at least twenty-eight grams). Here, however, the legislature did not provide for elevation of the instant offense based on the quantity of firearms in possession, just as the legislature did not elevate the offense of underage possession of alcohol based on the quantity possessed. Yet, just because the legislature created an elevation framework for certain offenses and not for other offenses, it does not necessarily follow that, here, the legislature intended to create a distinct punishable offense for each item of contraband. Rather, the lack of a quantity-based elevation scheme does not, in and of itself, unambiguously speak to the intended number of punishable offenses.
Continuing with the principle of in pari materia, it is useful to take a closer look at those statutes contained in Article 47, which concerns weapons and instruments of violence, the same general subject matter as the instant statute. Within Article 47, Indiana Code section 35-47-2-3 sets forth the process to obtain a license to carry a handgun. This statute is closely related to the instant statute because it involves the same subject—guns—as well as a similar object—controlling who may lawfully carry them. Further, just as it is a criminal offense for a serious violent felon to possess a firearm, it is a. criminal offense to carry a handgun without a license. See I.C. §§ 35-47-2-1, 35-47-2-3.
Turning to the licensing statute, it is notable that the statute refers to the license as a “license to carry a handgun.” See I.C. § 35-47-2-3. Indeed, the legislature selected the singular form, not the plural “license to carry handguns.” See id. Yet, the “license to carry a handgun” allows the licensee to carry not just one handgun, but “any handgun lawfully possessed by the applicant.” See I.C. § 35-47-2-3(e). Thus, in drafting a closely related statute, the legislature chose to create a “license to carry a handgun” that is repeatedly expressed in the singular, but nevertheless not limited to a single handgun. Given the legislature’s choice to use the singular there and here, it would be illogical to conclude that, here, the legislature clearly expressed the intent to establish a separate offense for each weapon. Rather, the singular language in the licensing statute supports the reading that the instant language—“possesses a firearm”—extends to all firearms possessed at a given time, creating a single status offense.
Ultimately, in light of these canons of construction, it is reasonable to construe the instant statute as criminalizing—as a single punishable offense—the status of being a serious violent felon in possession of one or .more firearms. Therefore, under the rule of lenity, the statute must be interpreted in Walton’s favor. See Day, 57 N.E.3d at 813 (noting that statutes must be “interpret[ed] in the defendant’s' favor *688 as far as the language can reasonably support”). Thus, I would conclude that when a serious violent felon possesses multiple firearms, the possession gives rise to only one offense[8] under Indiana Code section 35-47-4-5(c), and, accordingly, only one of Walton’s SVF counts may stand.
Lesser-included Offenses
The majority acknowledges that, during the sentencing hearing, the trial court made two errors relating to the controlled-buy counts. I recognize, as the majority does, that neither error is present in the written Sentencing Order and Abstract of Judgment, and I agree with the majority that merger is typically sufficient. However, immediately after the jury returned its verdict, the trial court orally “enter[ed] judgment of conviction [on] the counts.” TV. Vol. V at 105. Thus, given that the trial court orally entered judgment of conviction, there were errors at the sentencing hearing concerning these counts, and there are additional errors, in this case requiring remand, I would instruct the trial court to vacate the lesser-included offenses. Cf. Carter v. State, 750 N.E.2d 778, 781 n.8 (Ind. 2001) (“[A] claim of multiple punishment for the same offense requires multiple judgments of conviction, entered by the trial court.”); Green v. State, 856 N.E.2d 703, 704 (Ind. 2006) (“Where the court merges the lesser-included offense without imposing judgment, there is no need to remand on appeal to ‘vacate.’ ”).
Appellate Rule 7(B)
I agree with the majority’s .application of Beño and Eckelbarger. That is, given the close nexus between the State-sponsored purchases and the State’s ability to procure Walton’s drug-related convictions, I would also instruct the trial court to run Walton’s drug-related counts concurrently. However, given that doing so generates a conflict with the statutory sentencing limit and effects a notable change to the aggregate sentence length selected by the trial court, I would defer to the judgment of the trial court and remand for resentencing,
For these reasons, I must respectfully dissent.

. The majority notes that Walton has not challenged the SVF statute, yet appellate courts "must address double jeopardy viola- *685 tioñs sua sponte where they exist because ‘a double jeopardy violation, if shown, implicates fundamental rights.' ” Montgomery v. State, 21 N.E.3d 846, 864 n.5 (Ind. Ct. App. 2014) (quoting Smith v. State, 881 N.E.2d 1040, 1047 (Ind. Ct. App. 2008)), trans. denied. Thus, just as it was appropriate for the majority to sua sponte identify a double jeopardy issue concerning two of Walton’s cocaine-related convictions, it is appropriate to evaluate the SVF statute to fairly consider Walton’s fundamental rights.

. To 'the extent that my statutory analysis parts ways with Taylor, I would conclude that Taylor should not be afforded legislative acquiescence, given the short time that has passed since the case was decided and that •the Indiana Supreme Court has not yet .addressed this issue. See Layman v. State, 42 N.E.3d 972, 978 (Ind. 2015) (noting “that a judicial interpretation of a statute, particularly by the Indiana Supreme Court; accompanied by substantial legislative inaction for a considerable, time, may be understood to signify the General Assembly's acquiescence and agreement with the judicial interpretation”).

, See I.C. § 35-47-5-8 (providing that it is a criminal offense to possess a machine gun).

. Of note, these status-based offenses differ in a key respect from pure possession offenses. That is, unlike the offense of possession of child pornography, for example, where each image constitutes an additional affront to the victim or victims, here, the possession of a gun—without more—is not illegal. See, e.g., Brown v. State, 912 N.E.2d 881 (Ind. Ct. App. 2009) (conducting statutory interpretation and providing a thoughtful analysis of the harms and policy concerns associated with child pornography).

.. Notably, though, the quantity of firearms may be pertinent, not as to the number of counts, but as a circumstance warranting an aggravated sentence. See I.C. § 35-38-1-7.1 (setting forth, without limitation, circumstances that the trial court -, may consider in imposing a sentence). That is, when a serious violent felon possesses multiple firearms,, the felon has undertaken actions exceeding those that constitute the offense. ,.