# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2017, 5:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Thompson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 18, 2017

Court of Appeals Case No.
49A04-1701-CR-36

Appeal from the Marion Superior Court

The Honorable Lisa Borges, Judge

Trial Court Cause No.
49G04-1607-F1-25387

**Bailey, Judge.**

# Case Summary

John Thompson ("Thompson") was convicted of two counts of Rape, as Level 1 felonies,[1] Criminal Confinement, as a Level 3 felony,[2] Aggravated Battery, a Level 3 felony,[3] and Strangulation, as a Level 6 felony.[4]  He challenges his convictions for Aggravated Battery and Strangulation, presenting the sole issue of whether those convictions violate double jeopardy prohibitions because they are based upon the same act as that charged in the Confinement count.  We affirm in part, reverse in part, and remand with instructions that the trial court vacate the Aggravated Battery and Strangulation convictions.

# Facts and Procedural History

During the evening of June 27, 2016, Thompson and K.S. agreed to meet at Thompson's Indianapolis apartment.  A disagreement over money arose, and K.S. prepared to leave the apartment.  When she stood, Thompson began to tug at her shorts.  K.S. tried to move out of Thompson's reach by dropping to the floor and pushing with her feet; however, Thompson grabbed K.S. under her arms and forced her back onto the sofa.

---

[1] Ind. Code § 35-42-4-1(a)(1).

[2] I. C. § 35-42-3-3(a).

[3] I. C. § 35-42-2-1.5.

[4] I. C. § 35-42-2-9(b).

[3]     K.S. banged on the wall and screamed in an attempt to get help; her efforts were unavailing. Thompson put his arm around K.S.'s neck and strangled her into unconsciousness. When K.S. regained consciousness, she was gasping for air. Thompson threatened to shoot K.S. and she agreed that she would be quiet and compliant. K.S. asked to be allowed to leave and Thompson responded by saying that he would kill her.

[4]     Thompson then forced K.S. to engage in oral sex and intercourse. He placed a knit hat over her face and walked her to the apartment building exit. He once more threatened K.S. that she would be killed if she called police.

[5]     K.S. went to her vehicle and summoned police. Having sustained significant injuries, K.S. was taken to the hospital. She was able to identify the apartment of her attacker, and Thompson was soon identified as the assailant. He was charged with two counts of Rape, and one count each of Criminal Confinement, Aggravated Battery, and Strangulation. At the conclusion of a bench trial conducted on November 21, 2016, Thompson was found guilty as charged.

[6]     Thompson was given concurrent thirty-five-year sentences for each Rape conviction, concurrent nine-year sentences for Criminal Confinement and Aggravated Battery, and a concurrent one-year sentence for Strangulation. The aggregate sentence imposed was thirty-five years imprisonment, with five years suspended to probation. He now appeals.

# Discussion and Decision

[7] Thompson argues that his convictions for Criminal Confinement, Aggravated Battery, and Strangulation were all based upon his one act of strangling K.S., in violation of Indiana's prohibitions against double jeopardy. He directs our attention to the double jeopardy clause of the Indiana Constitution, which provides, in relevant part, that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. Art. 1, § 14. He further directs our attention to Indiana Code Section 35-38-1-6, providing

> Whenever
>
> (1) A defendant is charged with an offense and an included offense in separate counts; and
>
> (2) The defendant is found guilty of both counts;
>
> judgment and sentence may not be entered against the defendant for the included offense.

[8] Pursuant to Indiana Code Section 35-31.5-2-168(1), an included offense is an offense that "is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged[.]"

[9] Whether convictions violate double jeopardy presents a pure question of law, which we review de novo. *Whitham v. State,* 49 N.E.3d 162, 168 (Ind. Ct. App. 2015). An offense is a factually lesser-included offense when the charging

instrument alleges "the means used to commit the crime charged include all of the elements of the alleged lesser included offense." *Smith v. State*, 881 N.E.2d 1040, 1046 (Ind. Ct. App. 2008).

In Count III, the State charged that Thompson committed Criminal Confinement:

> On or about June 28, 2016, JOHN MICHAEL THOMPSON did knowingly or intentionally confine [K.S.] without the consent of [K.S.], said act resulting in serious bodily injury to [K.S.], to wit, unconsciousness[.]

(App. at 27.)

In Count IV, the State charged Thompson with Aggravated Battery, as follows:

> On or about June 28, 2016, JOHN MICHAEL THOMPSON did knowingly or intentionally inflict injury on [K.S.] that created a substantial risk of death[.]

(App. at 27.)

In Count V, the State charged Thompson with Strangulation, as follows:

> On or about June 28, 2016, JOHN MICHAEL THOMPSON, in a rude, insolent or angry manner, did knowingly apply pressure to the throat or neck, or obstruct the nose or mouth of [K.S.], another person, in a manner that impeded the normal breathing or the blood circulation of the other person[.]

(App. at 27.)

The State alleged and proved that Thompson committed Criminal Confinement by strangling K.S. into unconsciousness. The Aggravated Battery count, and the State's proof adduced thereon, concerned the same act of strangulation with the same injury, that is, unconsciousness. The Strangulation count and proof thereon concerned the same act. On the facts of this case, the Aggravated Battery and Strangulation offenses are factually lesser-included offenses of Criminal Confinement as they were "established by proof of the same material elements or less than all the material elements" required to establish Criminal Confinement, as charged. *See* I. C. § 35-31.5-2-168(1). It was impossible for the fact-finder to have found that Thompson criminally confined K.S. by strangling her into unconsciousness without also having found the facts that Thompson strangled K.S. and caused unconsciousness.

"A double jeopardy violation occurs when judgments of conviction are entered for the same criminal act and cannot be remedied by the 'practical effect' of concurrent sentences or by merger after conviction has been entered." *West v. State*, 22 N.E.3d 872, 874-75 (Ind. Ct. App. 2014). Thompson's convictions for Aggravated Battery and Strangulation must be vacated to cure the double jeopardy violation.

# Conclusion

Thompson's convictions for Rape and Criminal Confinement are affirmed. His convictions for Aggravated Battery and Strangulation are reversed. We remand

to the trial court with instructions to vacate the convictions and sentences for those offenses.

[16] Affirmed in part, reversed in part, and remanded.

Baker, J., and Altice, J., concur.