Leonard EMERY, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 76S04–9910–CR–509.

Supreme Court of Indiana.

Oct. 1, 1999.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

ON PETITION TO TRANSFER

DICKSON, J.

The defendant was convicted of attempted rape while armed with a deadly weapon[1] and sexual battery while armed with a deadly weapon.[2] The Court of Appeals affirmed. *Emery v. State*, 696 N.E.2d 872 (Ind.Ct.App.1998). On transfer, he contends that his convictions violate the statutory provision prohibiting a judgment and sentence for both an offense and an included offense. We grant transfer to address this issue but otherwise summarily affirm the decision of the Court of Appeals. Ind. Appellate Rule 11(B)(3).

▪ The defendant's claim is based on the following statutory provision:[3]

Whenever:

(1) a defendant is charged with an offense and an included offense in separate counts; and

(2) the defendant is found guilty of both counts;

judgment and sentence may not be entered against the defendant for the included offense.

IND.CODE § 35-38-1-6 (1988). He argues that the statutory definition for "included offense" renders the offense of sexual battery while armed with a deadly weapon a lesser-included offense of attempted rape while armed with a deadly weapon:

"Included offense" means an offense that:

(1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

IND.CODE § 35-41-1-16 (1988).

▪ The Court of Appeals declined to address the defendant's statutory argument, believing the statute was an embodiment of the federal constitutional protection against double jeopardy and treating the issue strictly as a federal double jeopardy claim. *Emery*, 696 N.E.2d at 876 n. 2. To the contrary, the statutory language operates independently from double jeopardy jurisprudence under the federal constitution. To the extent that these and related statutes may originally have been intended to implement such federal double jeopardy principles, we cannot now disregard the express statutory provisions simply because of changes in federal constitutional jurisprudence.

Construing and applying the plain language of the statutes, we observe that the offense of attempted rape while armed with a deadly weapon is established by proof that a person (1) knowingly or intentionally (2) took a substantial step towards (3) having intercourse with a person of the

---

1. IND.CODE §§ 35-42-4-1 & 35-41-5-1 (1988).

2. IND.CODE § 35-42-4-8 (1988).

3. He expressly denies any claim based on the Double Jeopardy Clauses of either the federal or Indiana constitutions.

opposite sex (4) while armed with a deadly weapon (5) when the other person is compelled by force or threat of force, unaware that intercourse is occurring, or mentally unable to consent. IND.CODE §§ 35–42–4–1 & 35–41–5–1 (1988). The offense of sexual battery while armed with a deadly weapon is established by proof that a person (1) touched another person (2) with the intent to arouse his own sexual desires or the sexual desires of another person (3) while armed with a deadly weapon (4) when the other person is compelled to submit by force or threat of force or is mentally unable to give consent. IND.CODE § 35–42–4–8 (1988).

Turning first to subsection (1) of the statutory provision defining "included offense," we must determine whether the proof of attempted rape while armed necessarily establishes the elements of sexual battery while armed. Both offenses contain the same elements regarding compulsion without consent and commission while armed. But proof of the remaining elements of attempted rape—knowingly or intentionally taking a substantial step toward having intercourse—does not necessarily establish the remaining elements of sexual battery—a touching with intent to arouse. Thus subsection (1) defining "included offense" is not applicable.

The inapplicability of subsection (2) to this case requires no discussion, but subsection (3) provides an alternative definition of "included offense." Citing *Griffin v. State*, 583 N.E.2d 191 (Ind.Ct.App.1991), the defendant asserts that the Court of Appeals has previously considered whether sexual battery is an included offense of attempted rape. In applying subsection (3) to vacate a conviction for sexual battery while leaving stand a conviction for attempted rape, the *Griffin* court misunderstood *Bowling v. State*, 560 N.E.2d 658, 660 (Ind.1990), to "implement the legislative intent that a defendant shall not be convicted and punished for an offense that

constitutes a less serious harm to the victim." 583 N.E.2d at 196. However, our opinion in *Bowling* was based only upon our then-prevailing understanding of federal double jeopardy jurisprudence, and did not construe or apply the statutory provision prohibiting a separate conviction for a lesser included offense. Now that we have recognized that our prior view of such federal jurisprudence was flawed,[4] it is particularly inappropriate to perpetuate such a mistaken interpretation in construing the statute. The plain language of the statute therefore should control.

In applying subsection (3) of the statute to the present case, we consider whether sexual battery while armed differs from attempted rape while armed "only in the respect that a less serious harm or risk of harm to the same person … is required to establish its commission." IND.CODE § 35–41–1–16(3). While the harm or risk of harm occasioned by a non-consensual touching with intent to arouse sexual desires may be less serious than the harm or risk of harm resulting from an attempted rape, this is not the *only* way in which the two offenses differ. Attempted rape does not require completion of the act or any touching of the victim. Sexual battery, however, requires an actual touching to have occurred. The two offenses thus do not differ *only* with respect to severity of harm, as required by subsection (3), and the defendant was not convicted of both an offense and an "included offense."

Transfer is granted. The judgment of the trial court is affirmed.

SHEPARD, C.J., concurs. SULLIVAN, J., concurs in result, believing that the "included offense" statute is not implicated where, as in this case, the facts "support convictions for two separate acts, despite their temporal proximity." *Emery v. State*, 696 N.E.2d 872 (Ind.Ct.App.1998).

---

4. *See Carter v. State*, 686 N.E.2d 834, 837 (Ind.1997); *Grinstead v. State*, 684 N.E.2d 482, 486 (Ind.1997); *Games v. State*, 684 N.E.2d 466, 474 (Ind.1997).

BOEHM, J., concurs in result with separate opinion in which SELBY, J., concurs.

BOEHM, Justice, concurring in result.

For the reasons spelled out in Justice Dickson's opinion, I agree that sexual battery is not, in the abstract, necessarily a lesser included offense of attempted rape. *Wright v. State,* 658 N.E.2d 563 (Ind.1995), for purposes of whether an instruction on the lesser offense is necessary, describes this relationship between two crimes as an "inherently" lesser included offense. I also agree wholeheartedly that the Court of Appeals was incorrect in concluding that the statute amounts to a delegation to the federal courts to conform our substantive law to federal constitutional doctrine. Rather, for the reasons set forth in my concurrence in *Richardson v. State,* 717 N.E.2d 32, 57 (Ind.1999), in my view the statute is a codification of the law as it was understood in 1975. And, as also elaborated in *Richardson,* that law requires reference to more than the statutory elements to determine whether one "offense" is a "lesser included" offense of another.

Although I agree with Justice Dickson's analysis of the statute, in my view a determination that sexual battery is not inherently a lesser included offense of attempted rape is not the end of the analysis. Just as in dealing with instructions, to determine whether an offense is lesser included for purposes of the statute, we need to determine whether one crime is, to use *Wright's* terminology, "factually" a lesser included offense of the other. As I observed in *Richardson,* a comparison of the two criminal statutes cannot be the end of the analysis. If it were, a defendant could not be convicted for the murder of victim A on day 1 and also for murder of victim B on day 2. Although the statutory elements of these two offenses are the same, we need to look at the facts to see whether we have one or two crimes. Similarly, the substantial step in the attempted rape may or may not be the touching required for the sexual battery. Without looking to the facts of the case and the charging instruments, this cannot be determined.

When we do look at the facts in this case, we see that Emery committed two separate crimes, albeit in relatively close temporal proximity. He first groped the victim's breast and then became more violent by pinning her down and pulling her shirt out of her pants, either of which could clearly have been the substantial step in the attempted rape. These events comprise two separate crimes, and so I concur in affirming the convictions. But I believe it is inescapable that a determination of a "lesser included" offense in some cases requires a look at the charging instrument, and sometimes also the instructions and the evidence, depending on how the crime was charged. This is an example of when that is required.

SELBY, J., concurs.