Derrick **HARVEY**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A02–9902–CR–148.

Court of Appeals of Indiana.

Nov. 10, 1999.

Robert V. Clutter, Clark, Quinn, Moses & Clark, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Derrick Harvey appeals his convictions after a trial by jury of robbery[1] and criminal confinement,[2] both Class B felonies. He presents two issues on appeal which we restate as:

1. Whether the trial court improperly denied Harvey's motion to sever the charges against him; and

2. Whether Harvey's convictions of confinement and robbery improperly resulted in conviction of both a greater and lesser included offense in violation of Ind.Code § 35–38–1–6.

We affirm in part and vacate the conviction of confinement.

## FACTS AND PROCEDURAL HISTORY

This case stems from two robberies which occurred in early November of 1996. On the morning of November 3, 1996, two black men, one very tall and the other fairly short, entered a Subway sandwich shop on West 86th Street in Indianapolis. Working that day were manager James McBride and employee David Hill. After inquiring about employment from Hill, the tall man pulled out a handgun, jumped the counter, and made Hill open the cash register while McBride was made to lie down in the back room. After taking the cash, the tall man dragged Hill to the back, pistol-whipped him, and made him lie next to McBride on the ground. The tall man told Hill and McBride not to move or he would shoot them. The robbers then exited through the back door.

Four days later, two black men, matching the description of the November 3rd robbers, entered a Payless liquor store on West 86th Street in Indianapolis. After initially walking to the back of the store, the tall man grabbed the store clerk, Tara Harper, at gunpoint. After a brief struggle, the handgun fired, wounding Harper. The tall man tried to get Harper to open the safe but she pretended not to know the safe's combination. The tall man then dragged Harper to the cash register and forced her to open it. After emptying the register, the tall man pistol-whipped Harper. Harper, now bleeding, instructed the two robbers on how to open the second cash register. At this point, she feigned unconsciousness, waited until she believed the robbers had left the store, then fled.

Police officers quickly discovered the suspects in these two robberies at the home of the tall man's girlfriend. Before being apprehended, the tall man, identified as Dainon Morgan, shot and killed himself as police officers surrounded the house. The short man, Derrick Harvey, attempted to flee but was arrested and charged with seven counts of robbery and confinement resulting from the two November robberies. Harvey was found guilty of the November 7th robbery and the criminal confinement of Harper during that robbery. He was acquitted of all other charges against him.

## DISCUSSION AND DECISION

1. *Severance of Offenses*

Harvey argues he was entitled to severance of the offenses stemming from the two robberies as a matter of right, claim-

---

1. Ind.Code § 35–42–5–1.

2. Ind.Code § 35–42–3–3.

ing they were joined solely because they were of a same or similar character. He also contends, in the alternative, the denial of severance was an abuse of the trial court's discretion. The State argues Harvey is not entitled to severance as a matter of right as the charges were not joined because of their similarity but because Harvey engaged in an ongoing scheme or plan to rob evidenced by a common *modus operandi*. We agree with the State.

■ Two or more offenses may be joined in the same indictment when they are either of the same or similar character or constitute part of a single scheme or plan. Ind.Code § 35–34–1–9. If offenses are joined solely on the ground that they are of the same or similar character, a defendant is entitled to severance as a matter of right and the trial court has no discretion to deny a motion to sever. § 35–34–1–11(a); *see also Valentin v. State*, 567 N.E.2d 792, 794 (Ind.1991). If, however, offenses are joined as being part of a single scheme or plan, it is within the trial court's discretion to grant severance when it is "appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." § 35–34–1–11(a). *See Goodman v. State*, 708 N.E.2d 901, 902 (Ind.Ct.App.1999).

■ Crimes will be considered part of a single scheme or plan for purposes of § 35–34–1–9(a)(2) when there is evidence linking the crimes by a common *modus operandi*. *See Ben–Yisrayl v. State*, 690 N.E.2d 1141, 1145 (Ind.1997). *Modus operandi* "refers to a pattern of criminal behavior so distinctive that separate crimes may be recognized as the work of the same wrongdoer." *Goodman*, 708 N.E.2d at 903; *see also Penley v. State*, 506 N.E.2d 806, 810 (Ind.1987). The methodology of the crimes must be both strikingly similar and unique in such a way as to attribute the crime to a single person. *Goodman*, 708 N.E.2d at 903. Unlike *Goodman*, where we did not find a pattern among the thefts of sundry items over a one-month period in rural Greene

county at all distinctive, we do find a distinct pattern among the two robberies in this case so as to suggest they were part of a single scheme or plan to rob.

■ In this case, both robberies took place at approximately the same time of day in the same part of Indianapolis between Ditch Road and Michigan Road on West 86th Street just four days apart. The suspects in both robberies were identified as two black men, one very tall, the other fairly short. The roles played by the suspects during the robberies were similar. In both robberies, the larger Morgan wielded the handgun and physically manipulated the victims while the smaller Harvey assisted. In both robberies, Morgan pistol-whipped the victim after emptying the cash register. While some of these similarities are inherent in many robberies, we find these facts sufficient to show a "series of acts connected together" induced by the common motive to rob. Harvey, therefore, was not entitled to severance as a matter of right.

■ Since Harvey was not entitled to severance as a matter of right, we must next examine whether the trial court abused its discretion in denying his motion to sever. When determining whether to grant severance in a case where there is no automatic right, a trial court considers: "(1) the number of offenses charged; (2) the complexity of the evidence to be offered; and (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense." Ind.Code § 35–34–1–11(a)(1)–(3). Whether charges are severed under § 35–34–1–11(a) is within the sound discretion of the trial court and will be upheld absent a showing of clear error. Harvey must show "in light of what actually occurred at trial, the denial of a separate trial subjected him to … prejudice." *Brown v. State*, 650 N.E.2d 304, 306 (Ind.1995) (quoting *Hunt v. State*, 455 N.E.2d 307, 312 (Ind.1983)).

■ Harvey presents no evidence that either the number of offenses charged or the complexity of the evidence offered subjected him to prejudice. Given that Har-

vey was acquitted of all charges stemming from the first robbery, it appears the jury was able to distinguish the evidence and apply the law intelligently as to each offense. Additionally, even had the offenses been erroneously united, it has long been the law of this state that acquittal of charges from one joined offense makes the misjoinder unavailable for reversal of the judgment. *See Myers v. State*, 92 Ind. 390, 395 (1883). As such, we find the trial court did not abuse its discretion by denying Harvey's motion to sever.

### 2. Conviction of Lesser Included Offense

■ Harvey argues his convictions of robbery and criminal confinement violate Ind.Code § 35–38–1–6[3] because confinement, in this context, is a lesser included offense of robbery. Specifically, while confinement is not always an inherently lesser included offense of robbery, Harvey contends the State's charging information and evidence at trial preclude conviction on both counts. We agree with Harvey and find his conviction of confinement violates § 35–38–1–6.[4] As the statutory analysis is determinative in this case, we need not address Harvey's claim under the Indiana Constitution. *Bayh v. Sonnenburg*, 573 N.E.2d 398, 402 (Ind.1991) (it is "the duty of the court not to enter upon the consideration of a constitutional question where the court can perceive another ground

---

**3.** Ind.Code § 35–38–1–6 states:

Whenever:
(1) a defendant is charged with an offense and an included offense in separate counts; and
(2) the defendant is found guilty of both counts;
judgment and sentence may not be entered against the defendant for the included offense.

**4.** Recently in *Emery v. State*, 717 N.E.2d 111 (Ind. 1999), an equally divided Indiana Supreme Court addressed convictions of both an offense and an "included offense" in violation of Ind.Code § 35–38–1–6. Justice Dickson, writing the lead opinion in which the Chief Justice concurred, held § 35–38–1–6 is implicated when an offense is inherently included in another as judged by a comparison of the statutory elements of each offense. *Id.* at 113. Justice Boehm, concurring in result but writing a separate opinion in which Justice Selby concurred, argued determining an offense is not inherently a lesser included offense does not end the analysis. He wrote: "[T]o determine whether an offense is lesser included for purposes of the statute, we need to determine whether one crime is, to use *Wright's* terminology, 'factually' a lesser included offense of the other crime.... [C]omparison of the two criminal statutes cannot be the end of the analysis." *Id.* at 114. Justice Sullivan concurred only in the result as he did not believe the "included offense" statute was implicated where the facts "support convictions for two separate acts, despite their temporal proximity." *Id.* at 113.

This court is obliged to follow precedents established by the Indiana Supreme Court. *Red Arrow Ventures, Ltd. v. Miller*, 692 N.E.2d

939, 946 (Ind.Ct.App.1998), *trans. denied*, 706 N.E.2d 169. However, no precedent for us to follow can be drawn from *Emery* as it was affirmed by an equally divided court in two separate opinions. *Buroker v. Brown*, 241 Ind. 421, 425–26, 172 N.E.2d 849, 850 (1961) (recognizing the lack of precedential value for supreme court cases decided by an equally divided court). Ordinarily, following the procedure used to extract a rule of law from a fragmented United States Supreme Court, we would look for the "least common denominator" among the justices and find "the position taken by the [j]ustices who based their acquiescence in the decision on the narrowest grounds." *Frame v. State*, 587 N.E.2d 173, 175 (Ind.Ct.App.1992). The least common denominator in *Emery* would be the result only as the Dickson and Boehm opinions each present a separate "test" for determining lesser included offenses. While Justice Boehm agrees with Justice Dickson's analysis of the statute to the extent of finding an inherently lesser included offense, he would require a trial court to look beyond whether an offense is inherently included in another to determine if it is factually included. *Emery*, 717 N.E.2d at 114.

As *Emery* is not definitive on the interpretation of lesser included offenses under § 35–38–1–6, we must look to prior precedent for guidance. We therefore base our analysis on our supreme court's holdings in *Wright v. State*, 658 N.E.2d 563 (Ind.1995) and *Goudy v. State*, 689 N.E.2d 686 (Ind.1997) in a manner similar to that of Justice Boehm in his concurring opinion in *Emery*. *See also Ingram v. State*, 718 N.E.2d 379 (Ind.1999) (citing *Wright* and *Goudy* in discussion of included offenses under Ind.Code § 35–38–1–6).

upon which it may properly rest its decision") (citing *Bureau of Motor Vehicles v. Scott,* 497 N.E.2d 557, 559 (Ind.1986)).

■■■ Ind.Code § 35–38–1–6 protects defendants charged with an offense and an included offense from being found guilty of both charges as this is tantamount to convicting a defendant twice for the same conduct. An offense may be either inherently or factually included in another offense for purposes of § 35–38–1–6. An offense is inherently included in another when it may be established "by proof of the same material elements or less than all the material elements" defining the "greater" crime charged. Ind.Code § 35–41–1–16(1); *see Goudy,* 689 N.E.2d at 697; *Wright,* 658 N.E.2d at 566. An offense is factually included in another when the charging instrument alleges "the means used to commit the crime charged include all of the elements of the alleged lesser included offense." *Wright,* 658 N.E.2d at 567; *Moore v. State,* 698 N.E.2d 1203, 1207–08 (Ind.Ct.App.1998). We find the confinement as charged both inherently and factually included in the robbery.

■■■ To support Harvey's conviction of robbery as a Class B felony, the State had to prove Harvey (1) knowingly or intentionally (2) took property from another (3) through use or threat of force (4) while armed with a deadly weapon. Ind.Code § 35–42–5–1. To convict on the charge of criminal confinement, the State was required to show Harvey (1) knowingly or intentionally (2) confined another without consent (3) by using a deadly weapon. § 35–42–3–3. In this case, confinement is inherently included in robbery because the "use or threat of force" element needed to support the conviction of robbery is not distinct from the "confinement" element needed to support the conviction of criminal confinement. Confinement exists when there is a substantial interference with liberty without consent. Any amount of force can cause a confinement because force, however brief, equals confinement. *Wethington v. State,* 560 N.E.2d 496, 508

(Ind.1990), *citing Ryle v. State,* 549 N.E.2d 81, 85 (Ind.Ct.App.1990). Unless there is force used beyond that which is inherently necessary in any robbery, there cannot be a separate conviction of confinement. *Id.; Tingle v. State,* 632 N.E.2d 345, 350 (Ind. 1994). *Cf. Harris v. State,* 716 N.E.2d 406, 412 (Ind.1999) (affirming convictions for both confinement and robbery because the facts indicated "confinement well beyond that used to commit the robbery"); *Brown v. State,* 671 N.E.2d 401, 410 (Ind.1996) (same).

Here, the force which supported the conviction of robbery was the same force which created the confinement. Therefore, the elements of "confinement" and "use or threat of force" may not be considered distinct in this case. Since confinement and force are not distinct statutory elements in this context, the elements of criminal confinement do not require proof of an additional element not contained in robbery. As a result, confinement is inherently included in robbery and conviction of both would violate Harvey's rights under Ind.Code § 35–38–1–6.

■■■ Additionally, based on the language of the charging information, the confinement is factually included in the robbery. An offense is factually included when the means used to commit the greater crime charged satisfy the elements of the alleged lesser offense. In other words, a trial court will look to the defendant's conduct as charged; if that conduct satisfies all the elements of another charged offense, then the defendant is entitled to an instruction on that offense as being lesser and included. *Wright,* 658 N.E.2d at 567. Logic dictates that if one is afforded the protection of an instruction for a lesser included offense, one should also be afforded the protection from dual convictions of both the greater and lesser offenses in violation of Ind.Code § 35–38–1–6. *Moore,* 698 N.E.2d at 1209.

In this case, the only element of force charged creating a substantial interference

with liberty was that inherent in the robbery itself. The language of the charging instrument makes no distinction between the factual basis for the confinement and the force necessary to prove the "use or threat of force" element of robbery. Harvey was charged under Counts VI and VII as follows:

COUNT VI

Derrick L. Harvey, on or about November 7, 1996, did knowingly, while armed with a deadly weapon, that is: a handgun, take from the person or presence of Tara Harper property, that is: United States currency, by putting Tara Harper in fear or by using or threatening the use of force on Tara Harper;

COUNT VII

Derrick L. Harvey, on or about November 7, 1996, did knowingly, while armed with a deadly weapon, that is: a handgun, confine Tara Harper, without the consent of Tara Harper, by detaining Tara Harper in business located at 1210 West 86th Street and not allowing her to leave.

(R. at 29–30).

Neither the language of the charging instrument nor the evidence presented at trial identifies a factual basis for the confinement charge separate from the factual basis for the robbery. The vague assertion in the charge that Harper was detained and not allowed to leave is not specific enough to separate the means used to accomplish the robbery from those which satisfy the elements of confinement. The force used to support the robbery conviction was precisely coextensive with the force used to support the confinement. Therefore confinement is included in robbery in this context and Harvey cannot be convicted of both without a resulting violation of Ind.Code § 35–38–1–6. We vacate the conviction of confinement under Count VII of the information.

Affirmed in part and conviction of confinement vacated.

SHARPNACK, C.J., and BAKER, J., concur.