# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 03 2016, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Edgar
J. Edgar Law Offices, Prof. Corp.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey Ashley, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 3, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1512-CR-2214 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Mark D. Stoner, Judge <br><br> Trial Court Cause No. <br> 49G06-1407-FA-36909 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Jeffrey Ashley was convicted of criminal deviate conduct as a Class B felony, sexual misconduct with a minor as a Class B felony, criminal confinement as a Class D felony, and sexual battery as a Class D felony. Ashley appeals his convictions, raising three issues for our review, which we consolidate and restate as (1) whether the evidence is sufficient to sustain his convictions, and (2) whether his criminal deviate conduct and sexual battery convictions violate the prohibition against double jeopardy. Concluding the evidence is sufficient and there is no double jeopardy violation, we affirm.

# Facts and Procedural History

[2] On June 18, 2014, fourteen-year-old T.W. was walking to her grandmother's home when Ashley approached her in his vehicle and requested directions. T.W. continued walking and Ashley again approached her, this time asking her if she needed a ride and offering her money to get into the vehicle. Becoming increasingly worried, T.W. declined Ashley's invitation and continued walking. Ashley then approached T.W. in his vehicle a third time and T.W. observed the handle of a black firearm under Ashley's arm. Afraid she would be shot if she screamed or ran away, T.W. got into Ashley's vehicle. Ashley then placed the firearm on the floorboard near his legs, locked the doors, and began driving.

[3] Ashley parked his vehicle behind a Gold's Gym. With a gun at his feet and the vehicle doors locked, Ashley asked T.W. to touch his penis with her hand.

T.W. refused, and Ashley grabbed her arm, placed it on his penis, and physically moved her hand. Ashley then requested T.W. perform oral sex on him. T.W. did not respond or move, but after Ashley placed his arm around her and pulled her near his penis, she performed oral sex, with Ashley moving her head with his hands until he ejaculated into her mouth. Thereafter, Ashley dropped T.W. off at a McDonalds near her grandmother's home and gave her forty dollars.

[4] The State charged Ashley with Count I, criminal deviate conduct, a Class A felony; Count II, criminal deviate conduct, a Class B felony; Count III, sexual misconduct with a minor, a Class A felony; Count IV, sexual misconduct with a minor, a Class B felony; Count V, criminal confinement, a Class B felony; Count VI, criminal confinement, a Class D felony; Count VII, sexual battery, a Class C felony; and Count VIII, sexual battery, a Class D felony. In a jail house phone call with his father prior to trial, Ashley acknowledged T.W. performed oral sex on him.

[5] The jury returned guilty verdicts on Count II, IV, VI, and VIII and not guilty verdicts on the remaining counts. The trial court entered judgment of conviction on Counts II, IV, VI, and VIII and ordered Ashley to serve an aggregate sentence of sixteen years in the Indiana Department of Correction, with four years suspended to probation. This appeal ensued.

# Discussion and Decision

# I. Sufficiency of the Evidence

## A. Standard of Review

When reviewing the sufficiency of the evidence to support a conviction, a reviewing court shall consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). The court neither reweighs the evidence nor reassesses the credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). Instead, the court should affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Drane*, 867 N.E.2d at 146-47 (citation omitted).

## B. Use of Force

Ashley argues the evidence is insufficient to sustain his convictions on Counts II, VI, and VIII, contending the evidence does not establish T.W. was compelled by force or the imminent threat of force. We disagree.

### 1. Criminal Deviate Conduct and Sexual Battery

On Count II, the State charged Ashley with criminal deviate conduct as a Class B felony, alleging Ashley compelled T.W. to perform deviate sexual conduct by the use of force or the imminent threat of force. Indiana Code section 35-42-4-2(a)(1) (1998) provides, "A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when . . . the other person is compelled by force or imminent threat of force . . . commits criminal deviate conduct, a Class B felony." On Count VIII, the State charged

Ashley with sexual battery as a Class D felony, alleging Ashley compelled T.W. to submit to touching by force or the imminent threat of force. Indiana Code section 35-42-4-8(a)(1)(A) (2012) provides,

> A person who, with the intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person . . . touches another person when that person is . . . compelled to submit to the touching by force or the imminent threat of force . . . commits sexual battery, a Class D felony.

> The force employed need not be violent or physical and may be inferred from the circumstances. It is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be determined. This is a subjective test that looks to the victim's perception of the circumstances surrounding the incident in question.

*Filice v. State*, 886 N.E.2d 24, 37 (Ind. Ct. App. 2008) (addressing the sufficiency of the evidence to sustain a conviction for criminal deviate conduct as a Class B felony) (citations omitted), *trans. denied*; *see also Frazier v. State*, 988 N.E.2d 1257, 1261 (Ind. Ct. App. 2013) (addressing the sufficiency of the evidence to sustain a conviction for sexual battery as a Class D felony).

Here, T.W. agreed to get into the vehicle because she observed a firearm and was scared.[1] Once locked inside Ashley's vehicle, she observed the firearm on

---

[1] We acknowledge the jury did not convict Ashley on Counts I, III, V, and VII, all of which alleged use of a firearm. However, the jury's not guilty findings on these counts does not preclude the consideration of the evidence of a firearm for purposes of determining the sufficiency of the evidence on the counts for which Ashley was convicted.

the floorboard. Ashley then requested T.W. touch his penis with her hand. When T.W. refused, Ashley grabbed her hand and placed it on his penis. Ashley also requested T.W. perform oral sex on him, and when T.W. did not oblige, Ashley put his arm around T.W. and pulled her towards him. In light of this evidence, a reasonable jury could conclude Ashley compelled T.W. to touch his penis with her hand and perform oral sex by the use of force or the imminent threat of force. *See Riggs v. State*, 508 N.E.2d 1271, 1273 (Ind. 1987) (noting the uncorroborated testimony of a sex crime victim alone is sufficient to support a conviction).

## 2. *Criminal Confinement*

[11] On Count VI, the State charged Ashley with criminal confinement as a Class D felony, alleging Ashley removed T.W. from one place to another by the threat of force. Indiana Code section 35-42-3-3(a)(2) (2006) provides, "A person who knowingly or intentionally . . . removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another[,] commits criminal confinement" as a Class D felony. To "confine" in this context means to "substantially interfere with the liberty of a person." Ind. Code § 35-42-3-1. "Any amount of force can cause a confinement because force, however brief, equals confinement." *Harvey v. State*, 719 N.E.2d 406, 411 (Ind. Ct. App. 1999). Force "may be implied from the circumstances." *McCarter v. State*, 961 N.E.2d 43, 46 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*.

[12] Here, Ashley approached T.W. multiple times in his vehicle, asking if she needed a ride and enticing her by offering her money if she got in the vehicle.

During the first two encounters, T.W. did not observe a firearm and she refused Ashley's requests. However, when Ashley approached her for a third time, she observed a black firearm underneath his arm. T.W. stood frozen, fearing if she attempted to scream or run away Ashley would shoot her. At trial, when asked why she got into the vehicle, T.W. stated, "Because there was a gun." Transcript at 185. When T.W. entered the vehicle, Ashley locked the doors and began driving to another location. In light of this evidence, a reasonable jury could conclude Ashley used the threat of force to compel T.W. to get into the vehicle.

## C. Deviate Sexual Conduct

[13] Ashley also argues the evidence is insufficient to sustain his convictions on Counts II and IV because the evidence only establishes T.W. placed her mouth "on the skin of [Ashley's] private area," tr. at 164, and not that she put her mouth on Ashley's penis. We disagree.

[14] As noted above, the State was required to prove on Count II that Ashley forced T.W. to perform deviate sexual conduct. As to Count IV, the State charged Ashley with sexual misconduct with a minor as a Class B felony. Indiana Code section 35-42-4-9(a)(1) (2007) provides a person who is at least twenty-one years of age and performs or submits to deviate sexual conduct with a child at least fourteen years of age but less than sixteen years of age commits sexual misconduct as a Class B felony. "'Deviate sexual conduct' means an act involving . . . a sex organ of one (1) person and the mouth . . . of another person . . . ." Ind. Code § 35-31.5-2-94 (2012).

[15]    At trial, the following exchange occurred between the State and T.W.:

> Q. What did he ask you to do?
> A. He asked me to touch him.
> Q. To touch him?  Did he say what part of him?
> A. Yes.
> Q. What part did he want you to touch?
> A. His private area.
> Q. When you say his private area, do you mean penis?
> A. Yes.
> Q. Are you more comfortable if I use the term "private area?"
> A. Yes.

Tr. at 162-63.  T.W. further explained Ashley's "private area" was outside his clothing, *id*. at 164, he requested she put her mouth on his "private area," *id*., he then put her mouth on "the skin of his private area," *id*., T.W. did so until something "white" came out of Ashley's "private area[,]" *id*. at 165, and then Ashley put his "private area" back in his pants, *id*. at 166.  It is clear from T.W.'s testimony that references to Ashley's "private area" were references to his penis and such a conclusion is corroborated by the fact Ashley admitted to receiving oral sex from T.W. in a phone call with his father.  In light of this evidence, a reasonable jury could conclude T.W. performed sexual deviate conduct on Ashley.

[16]    Based on the foregoing, the evidence is sufficient to sustain Ashley's convictions on all four counts.

# II. Double Jeopardy

Ashley argues his convictions on Count II, criminal deviate conduct, and Count VIII, sexual battery, violate the state constitutional prohibition against double jeopardy. Specifically, he contends the State's charging information with respect to these two counts lacked clarity and specificity thereby allowing the jury to use the same evidence to convict him of both counts.

Article 1, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense."

> [T]wo or more offenses are the "same offense" in violation
> of Article I, Section 14 of the Indiana Constitution, if, with
> respect to *either* the statutory elements of the challenged
> crimes *or* the actual evidence used to convict, the essential
> elements of one challenged offense also establish the essential
> elements of another challenged offense.

*Cross v. State,* 15 N.E.3d 569, 571 (Ind. 2014) (alteration and emphasis in original) (quoting *Richardson v. State,* 717 N.E.2d 32, 49 (Ind. 1999)). We review double jeopardy claims de novo. *Strong v. State,* 29 N.E.3d 760, 766 (Ind. Ct. App. 2015).

Ashley contends his convictions for criminal deviate conduct and sexual battery violate the actual evidence test.

> Under the actual evidence test, we examine the actual evidence
> presented at trial in order to determine whether each challenged
> offense was established by separate and distinct facts. To find
> a double jeopardy violation under this test, we must conclude

that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. The actual evidence test is applied to all the elements of both offenses.

*Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013) (citations and internal quotation marks omitted). "In other words, under the *Richardson* actual evidence test, the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002). In determining whether there is a reasonable possibility the jury used the same evidentiary facts in convicting a defendant of two separate crimes, we require substantially more than a logical possibility. *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008). "We evaluate the evidence from the jury's perspective and may consider the charging information, jury instructions, and arguments of counsel." *Garrett*, 992 N.E.2d at 720.

[20] Here, the charging informations for Counts II and VIII state,

Count II

On or about June 18, 2014, JEFFREY ASHLEY did knowingly cause [T.W.] to perform or submit to deviate sexual conduct, that is, an act involving the penis of JEFFREY ASHLEY and the mouth of [T.W.], when [T.W.] was compelled by force or imminent threat of force to submit to such deviate sexual conduct;

\* \* \*

Count VIII

On or about June 18, 2014, JEFFREY ASHLEY, with the intent
to arouse or satisfy the sexual desires of JEFFREY ASHLEY or
[T.W.], did compel [T.W.] to submit to a touching by force or
imminent threat of force . . . .

Appellant's Appendix at 103-04. The final jury instructions state,

To convict the Defendant [on Count II], the State must prove
each of the following elements:

1. The defendant, Jeffrey Ashley,
2. did knowingly
3. cause T.W. to perform or submit to deviate sexual conduct,
that is, an act involving the penis of Jeffrey Ashley and the
mouth of T.W.,
4. when T.W. was compelled by deadly force or threat of deadly
force to submit to such deviate sexual conduct.
\* \* \*
To convict the Defendant [on Count VIII], the State must prove
each of the following elements:

1. The defendant, Jeffrey Ashley,
2. with the intent to arouse or satisfy the sexual desires of Jeffrey
Ashley or T.W.,
3. did compel T.W. to submit to a touching by force or the
imminent threat of force.

*Id*. at 123, 130. As to final arguments, the State argued with respect to Count

II, that Ashley compelled T.W. to perform oral sex by putting his arm around

her and forcibly pulled her closer to his body. As to Count VIII, the State argued Ashley forcibly grabbed T.W.'s arm and forced her to touch his penis.

[21] Ashley essentially argues the exact evidentiary facts used to convict him on Count II were also used to convict him on Count VIII, contending the fact he forced T.W. to perform deviate sexual conduct can also be used to establish he forced her to touch him. We note it is logically possible for the jury to rely on the deviate sexual conduct to convict Ashley of both criminal deviate conduct and sexual battery. However, we require substantially more than a logical possibility. *See Lee*, 892 N.E.2d at 1236. During final arguments, the State argued complete and separate facts in support of each count. In addition, the fact Ashley forced T.W. to perform oral sex is not the sole fact on which the jury could have found him guilty of sexual battery. For example, the evidence clearly indicates not only did he force T.W. to perform oral sex, but he did so after he had already sexually battered her by grabbing her arm and forcing her to touch his penis. Because separate and distinct facts support Ashley's convictions on Counts II and VIII, we conclude there is not a reasonable possibility the jury relied on exactly the same facts for both convictions. Ashley's convictions do not violate the prohibition against double jeopardy.

# Conclusion

[22] The evidence is sufficient to sustain Ashley's convictions and his convictions for criminal deviate conduct and sexual battery do not violate Indiana's prohibition against double jeopardy. Accordingly, we affirm.

[23]    Affirmed.

Mathias, J., and Brown, J., concur.