## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 18 2018, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy M. See, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 18, 2018 <br><br> Court of Appeals Case No. 79A05-1712-CR-2930 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1608-F1-14 |

**Friedlander, Senior Judge.**

[1] Between November of 2015 and July of 2016, Tina Russell; her children L.R., R.R., and B.J.; Shavon Richardson; her children T.R., T.R., and J.R.; and Timothy See lived together at several locations in Lafayette. Russell's and Richardson's children called See "papaw[,]" and Russell's children did not refer to any other individual by that name. Tr. Vol. 2, p. 92. Russell was familiar with See as he had raised her when she was little, and See would often watch hers and Richardson's children while the women were at work.

[2] Once, while See was watching the six-year-old L.R., he brought L.R. into the bedroom. See and L.R. were not wearing any clothes, and See touched L.R.'s penis. L.R. described a penis as a "thing" and described See's as "hairy." *Id.* at 54. As See was touching L.R.'s penis he also touched his own penis until he ejaculated. After See ejaculated, he told L.R. to keep what had occurred a secret.

[3] On August 17, 2016, the State charged See with two counts of Level 1 felony child molesting for molesting L.R., one of which was later amended to a Level 4 felony. The State also charged See with two counts of child molesting as Level 1 and Level 4 felonies pertaining to B.J., Level 4 felony child molesting pertaining to J.T., and Level 4 felony child molesting pertaining to one of Richardson's children with the initials T.R. On July 12, 2017, See moved to sever the counts filed in his case pursuant to Indiana Code 35-34-1-12 (1981), arguing that all charges pertaining to each alleged victim should be tried separately. The State filed an objection to See's motion, alleging that the four separate victims in the instant case were siblings, the offenses were committed

while See was providing childcare for the victims, the crimes were of a similar character and occurred in the same location, and a severance of the offenses would cause undue trauma for the young victims who would have to testify multiple times regarding offenses against themselves and against others to which they were witnesses. On September 5, 2017, the trial court denied See's motion to sever, noting that (1) both parties conceded See was not entitled to severance as a matter of right pursuant to Indiana Code 35-34-1-1(a) (1994) as the charges were not joined solely on the grounds of similar character and (2) the operative facts were sufficiently connected to justify joinder. The trial court also considered the appropriateness of discretionary severance pursuant to Indiana Code 35-34-1-11(a) (1981) and declined to do so.

[4] See proceeded to a jury trial on all counts on October 10, 2017, and was convicted of molesting L.R. as charged in amended Count IV, while three other charges were dismissed pursuant to directed verdicts and two of the three submitted to the jury resulted in acquittal. See admitted his status as a habitual offender. On November 17, 2017, the trial court sentenced See to ten years of incarceration for the Level 4 felony child molesting conviction, enhanced six years by virtue of his habitual offender status.

## 1. Sufficiency of the Evidence

[5] When reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816 (Ind. 1995). We look only to the evidence of probative value and the reasonable inferences

to be drawn therefrom which support the verdict. *Id.* If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that See was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720 (Ind. 1993). "[I]t is precisely within the domain of the trier of fact to sift through conflicting accounts of events. Not only must the fact-finder determine whom to believe, but also what portions of conflicting testimony to believe." *In re J.L.T.*, 712 N.E.2d 7, 11 (Ind. Ct. App. 1999), *trans. denied*.

[6] In order to convict See of Level 4 felony child molesting, the State was required to establish that he, "with a child under fourteen (14) years of age, perform[ed] or submit[ted] to any fondling or touching, of either [L.R. or himself], with intent to arouse or to satisfy the sexual desires of either [L.R. or himself.]" Ind. Code § 35-42-4-3 (2015). See contends only that the State produced insufficient evidence to sustain a finding that he was the perpetrator, citing L.R.'s testimony that he did not see his "papaw" seated in the courtroom. Following this testimony, however, L.R. stated that while he lived with "papaw Tim[,]" he had seen him without his clothes on. Tr. Vol. 2, p. 53. L.R. then confirmed that "papaw" touched L.R.'s penis, that he was in "papaw['s]" bedroom when that occurred, that "papaw" was not wearing clothes, that "papaw's" penis looked hairy, that "yellow stuff" came out of "papaw's" penis, and that "papaw" told L.R. to keep the event a "secret." *Id.* at 52, 53, 54, 55, 56.

[7] Although L.R. claimed that his "papaw" was not in the courtroom when asked to identify him, L.R.'s testimony is clear that it was "papaw" who molested

him, and that L.R. was responding to questions about "papaw Tim." *Id.* at 51, 53. Russell confirmed that her children, including L.R., called See "papaw" and that there was nobody else her children referred to as "papaw[.]" *Id.* at 92, 97. The jury was free to evaluate the testimony presented and determine which testimony to believe, as well as which portions of conflicting testimony to believe. *See J.L.T.*, 712 N.E.2d at 11. Here, the State presented sufficient evidence to allow the jury to determine that "papaw" was See.

## 2. Severance of Charges

[8] While conceding that he was not entitled to have his charges severed as of right, See contends that the trial court abused its discretion in denying his severance motion. Pursuant to Indiana Code section 35-34-1-11(a):

> (a) Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:
>
>> (1) the number of offenses charged;
>>
>> (2) the complexity of the evidence to be offered; and
>>
>> (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

[9] Moreover:

> [i]f [...] offenses have been joined because the defendant's underlying acts are connected together, we review a trial court's

ruling on a severance motion for an abuse of discretion. […] If the operative facts establish a pattern of activity beyond mere satisfaction of the statutory elements, such as that multiple crimes have been committed with a common victim, modus operandi, and motive, a defendant is not entitled to severance of charges as of right. When reviewing discretionary denial of a motion to sever, we must consider whether severance was required in order to promote a fair determination of the defendant's guilt or innocence after reviewing subsections 1–3 of Indiana Code Section 35-34-1-11(a). […] We will reverse denial of a discretionary severance motion only for clear error.

*Robinson v. State*, 56 N.E.3d 652, 656 (Ind. Ct. App. 2016) (case citations omitted), *trans. denied*. See must also show "that in light of what actually occurred at trial, the denial of a separate trial subjected him to such prejudice that the trial court abused its discretion in refusing to grant his motion for severance." *Hunt v. State*, 455 N.E.2d 307, 312 (Ind. 1983).

[10] Under the circumstances of this case, even if we assume that the trial court abused its discretion in refusing to sever the charges against See, he cannot establish that he was prejudiced thereby. Of the three charges submitted to the jury, See was convicted of one and acquitted of two. Not only is that a strong indication that the jury was not confused by the character of the evidence, "it has long been the law of this state that acquittal of charges from one joined offense makes the misjoinder unavailable for reversal of the judgment." *Harvey v. State*, 719 N.E.2d 406, 410 (Ind. Ct. App. 1999) (citing *Myers v. State*, 92 Ind. 390, 395 (1883)). See has failed to establish that the trial court abused its discretion in denying his motion to sever the charges against him.

[11]    Judgment affirmed.

[12]    Pyle, J., and Barnes, Sr. J., concur.