



FILED

Dec 02 2025, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Richard Garrett,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

December 2, 2025

Court of Appeals Case No.
24A-CR-3060

Appeal from the Marion Superior Court

The Honorable Jeffrey Marchal, Judge

Trial Court Cause Nos.
49D31-1911-F2-44723
49D31-2001-MR-266

---

**Opinion by Judge Vaidik**
Judges Tavitas and Felix concur.

**Vaidik, Judge.**

## Case Summary

[1] Based on a violent, weeklong crime spree in 2019, Richard Garrett was convicted of 21 offenses, including murder, and sentenced to 194 years in prison. He now appeals, arguing: (1) the trial court erred by denying his motion to sever the charges for trial; (2) his convictions for battery with a deadly weapon and criminal recklessness while armed with a deadly weapon constitute double jeopardy; and (3) his four convictions for carrying a handgun without a license constitute double jeopardy. We reject the first two arguments but agree with the third, so we direct the trial court to vacate the convictions and sentences for three of the four handgun counts.

## Facts and Procedural History

### I. Facts

[2] The charges against Garrett arose from criminal incidents at 11 locations along the 38th Street corridor in Indianapolis from October 13 to October 20, 2019. The State presented substantial evidence connecting the crimes and connecting Garrett and Delance Hatcher to the crimes, including: a blue Mazda containing Garrett's and Hatcher's fingerprints was used in many of the incidents; cell-phone-location evidence showed that Garrett and Hatcher were in the vicinity of many of the incidents; and, most importantly, shots were fired in nine of the incidents, and ballistics evidence showed that Garrett's .45 caliber handgun was used in all nine (and Hatcher's 9mm handgun was used in most of them).

Below, we summarize the 11 incidents and list Garrett's corresponding convictions.[1]

**October 13**

On October 13, Garrett and Hatcher went to a Clark gas station in the Mazda and fired shots at a car occupied by Onterrio Matthews, Rayion Matthews, and Rayion's girlfriend. Based on this incident, Garrett was convicted of Level 5 felony criminal recklessness (shooting a firearm into a place where people are likely to gather) and Class A misdemeanor carrying a handgun without a license.

**October 16**

On October 16, Garrett and Hatcher fired shots from the Mazda at sisters Terrieon and Simone Lisenby outside the sisters' apartment, striking Terrieon on the hand and Simone on the leg. Based on this incident, Garrett was convicted of two counts of Level 5 felony battery with a deadly weapon.

Garrett and Hatcher then went to the nearby Meadows apartment complex planning to kill Rayion Matthews, but they ended up shooting and killing his best friend, Devon Owens. Based on this incident, Garrett was convicted of murder and Level 2 felony conspiracy to commit murder.

---

[1] Rashaana Farrow was also involved in many of the incidents. Hatcher and Farrow were charged with multiple felonies, but those charges aren't relevant to this appeal.

[6] After murdering Owens, Garrett and Hatcher went to a liquor store in the Mazda and fired shots at a van occupied by Jordan Mitchell, Devon Lowe, and Evan Jackson. All three occupants were struck and injured. Based on this incident, Garrett was convicted of Level 3 felony aggravated battery, two counts of Level 5 felony battery with a deadly weapon, and Class A misdemeanor carrying a handgun without a license.

**October 17**

[7] On October 17, Garrett drove past Amy Freeman's home in the Mazda, and Hatcher fired shots at Freeman. Based on this incident, Garrett was convicted of Level 5 felony criminal recklessness (shooting a firearm into an inhabited dwelling).

[8] Garrett and Hatcher then went to a gas station and shot and robbed Arion Hollins. Based on this incident, Garrett was convicted of Level 2 felony robbery resulting in serious bodily injury.

[9] After the robbery, Garrett and Hatcher went to Blackburn Terrace Apartments on Brouse Avenue and fired multiple random shots. Toney Williams was shot in the arm, and there was damage to cars, apartment buildings, and the interiors of two apartments. Based on this incident, Garrett was convicted of Level 5 felony battery with a deadly weapon and Level 6 felony criminal recklessness while armed with a deadly weapon.

[10] While driving away from the apartment complex in the Mazda, Garrett struck and killed a pedestrian, Anthony Mack. Based on this incident, Garrett was convicted of Level 5 felony reckless homicide.

[11] Next, Garrett and Hatcher abandoned the Mazda, walked to a gas station, showed a gun to Tilaunda Jones, and took her Chrysler sedan. Based on this incident, Garrett was convicted of Level 3 felony armed robbery.

[12] Later that night, Garrett and Hatcher fired shots at a different apartment building, causing both exterior and interior damage. Based on this incident, Garrett was convicted of Level 5 felony criminal recklessness (shooting a firearm into a place where people are likely to gather) and Class A misdemeanor carrying a handgun without a license.

**October 20**

[13] On October 20, Garrett fired shots at a car occupied by Isaac Gofan and Shuntae Irving. Both occupants were struck and injured. Tilaunda Jones's Chrysler was discovered at the scene. Based on this incident, Garrett was convicted of two counts of Level 5 felony battery with a deadly weapon and Class A misdemeanor carrying a handgun without a license.

## II. Procedural History

[14] In November 2019, the State charged Garrett for the October 17 robbery of Arion Hollins under Cause No. 49D31-1911-F2-44723. In January 2020, the State charged Garrett with the remaining offenses under Cause No. 49D31-

2001-MR-266. The State later moved to join the two cause numbers for trial. Garrett opposed that motion and moved to sever the charges for the different incidents into separate trials. After these issues were discussed at multiple hearings, the trial court granted the State's joinder motion and denied Garrett's motion for severance.

A jury trial began in October 2023, but the trial court declared a mistrial after Garrett assaulted his attorney in the courtroom. A second jury trial was held in October 2024, and Garrett was convicted as detailed above. The trial court sentenced him to 194 years in the Department of Correction.

Garrett now appeals.

## Discussion and Decision

### I. Garrett hasn't shown that the trial court erred by denying his motion to sever the charges for trial or that he was prejudiced by the denial

Garrett first contends that the trial court should have granted his motion to sever the charges for trial. He asserts that the court should have ordered nine trials: a joint trial for the October 13 incident at the Clark gas station and the October 16 incident at the Meadows apartment complex (because the State alleged that Rayion Matthews was targeted in both incidents); a joint trial for the death of Anthony Mack and the robbery of Tilaunda Jones (because the State alleged that Garrett struck Mack with the Mazda and shortly thereafter

abandoned the Mazda and stole Jones's Chrysler); and separate trials for the other seven incidents.[2]

[18] Joinder and severance of offenses are governed by Indiana Code sections 35-34-1-9, -10, and -11. Section 35-34-1-9(a) provides:

> Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:
>
> > (1) are of the same or similar character, even if not part of a single scheme or plan; or
> >
> > (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Section 35-34-1-10(b) states, in relevant part:

> When a defendant has been charged with two (2) or more offenses in two (2) or more indictments or informations and the offenses could have been joined in the same indictment or information under section (9)(a)(2) of this chapter, the court, upon motion of the defendant or the prosecuting attorney, or on its own motion, shall join for trial all of such indictments or

---

[2] The State argues that Garrett waived this argument because, among other things, he didn't specify to the trial court that he wanted nine trials. Having reviewed Garrett's motion to sever (Appellant's App. Vol. 3 pp. 188-90), his opposition to the State's motion to join the two cause numbers for trial (*id.* at 191-94), and the transcripts of the multiple hearings at which severance was discussed (Tr. Vol. 2 pp. 53-71, 92-93, 116-26, 137-42, 157-72, 188-89, 196-203), we conclude that Garrett adequately preserved the argument he makes on appeal.

informations unless the court, in the interests of justice, orders that one (1) or more of such offenses shall be tried separately.

And Section 35-34-1-11(a) addresses severance of charges:

> Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:
>
> > (1) the number of offenses charged;
> >
> > (2) the complexity of the evidence to be offered; and
> >
> > (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

[19] Garrett first argues that the charged offenses were joined "solely on the ground that they are of the same or similar character" and that he was therefore entitled to severance as a matter of right under the first sentence of Section 35-34-1-11(a). But the State charged Garrett with a variety of offenses: murder, conspiracy to commit murder, robbery, battery, criminal recklessness, and carrying a handgun without a license. While some of the charged offenses were of the same or similar character, that was not the sole reason for joinder. We agree with the State that the primary reason the charges were joined was that they were based on "a series of acts connected together," that is, an eight-day

crime spree along the 38th Street corridor in Indianapolis using a blue Mazda (then a stolen Chrysler) and a .45 caliber handgun. *See Brown v. State*, 650 N.E.2d 304, 305-06 (Ind. 1995) (holding that severance wasn't mandatory where "diverse" charges—including kidnapping, robbery, burglary, and criminal recklessness—"were not joined because of any perceived similarities in the nature of the crimes but because all crimes occurred during the course of a two-day crime spree"). Garrett was not entitled to severance as a matter of right.

[20] In the alternative, Garrett contends that severance was appropriate under the second sentence of Section 35-34-1-11(a), which aims to ensure "a fair determination of the defendant's guilt or innocence of each offense." As noted above, this provision requires consideration of "(1) the number of offenses charged; (2) the complexity of the evidence to be offered; and (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense." A trial court has discretion in weighing these factors, and we review the court's decision only for an abuse of that discretion. *Pierce v. State*, 29 N.E.3d 1258, 1264 (Ind. 2015). Furthermore, a defendant seeking reversal based on the denial of severance must show that, given what actually occurred at trial, the denial was prejudicial. *Harvey v. State*, 719 N.E.2d 406, 409 (Ind. Ct. App. 1999).

[21] Garrett hasn't shown that the trial court abused its discretion by denying his motion. There were many charges under two cause numbers, but the State filed an amended charging information that listed all the charges from both cause

numbers in chronological order. Appellant's App. Vol. 4 pp. 39-45. And while there was a large amount of evidence (39 witnesses and over 500 exhibits), Garrett doesn't identify anything particularly complex about it. There were 11 incidents, but each incident occurred at a discrete time and place. As a result, there was little overlap in the evidence from one incident to the next and minimal risk of confusing the jurors. Therefore, the trial court reasonably concluded that the jury would be able to distinguish the evidence relevant to each charge and apply the law intelligently to each charge.

[22] Nor has Garrett shown that he was prejudiced by the denial of his motion. First, the State largely presented the evidence in chronological order and provided a color-coded chart and map specifying the date, time, and location of each incident. *See* Exs. 1, 2-A. Second, the jury instructions and verdict forms presented the charges in chronological order. Appellant's App. Vol. 5 pp. 68-72, 163-64, 190-211. And third, the jury deliberated for five hours and didn't have a single question for the court, *see* Tr. Vol. 6 pp. 242-44, showing that it didn't have trouble understanding the evidence or applying the law.

[23] Garrett hasn't shown reversible error in the denial of his motion to sever.

## II. Garrett's battery and criminal-recklessness convictions for the shooting at Blackburn Terrace Apartments do not constitute double jeopardy

[24] Garrett argues that his convictions for the October 17 shooting at Blackburn Terrace Apartments—Level 5 felony battery with a deadly weapon and Level 6

felony criminal recklessness while armed with a deadly weapon—constitute double jeopardy under *Wadle v. State*, 151 N.E.3d 227 (Ind. 2020). Though our Supreme Court decided *Wadle* after Garrett committed his offenses, both parties treat it as controlling. We will do the same.

[25]　In *Wadle*, our Supreme Court established the following three-step test for determining whether convictions under multiple statutes with common elements constitute double jeopardy:

> [W]e first look to the statutes themselves. If either statute clearly permits multiple punishment, whether expressly or by unmistakable implication, the court's inquiry comes to an end and there is no violation of substantive double jeopardy. But if the statutory language is not clear, then a court must apply our included-offense statutes to determine whether the charged offenses are the same. *See* [Ind. Code] § 35-31.5-2-168. If neither offense is included in the other (either inherently or as charged), there is no violation of double jeopardy. But if one offense is included in the other (either inherently or as charged), then the court must examine the facts underlying those offenses, as presented in the charging instrument and as adduced at trial. If, based on these facts, the defendant's actions were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction, then the prosecutor may charge the offenses as alternative sanctions only. But if the defendant's actions prove otherwise, a court may convict on each charged offense.

*Id.* at 253 (quotation omitted). The Court has since clarified that the second step is satisfied, and the third step is necessary, if the charging information was

ambiguous as to whether one offense was included in the other. *A.W. v. State*, 229 N.E.3d 1060, 1066-71 (Ind. 2024).

[26] As to the first step, neither the battery statute (I.C. § 35-42-2-1) nor the criminal-recklessness statute (I.C. § 35-42-2-2) "clearly permits multiple punishment, whether expressly or by unmistakable implication." So we move to the second step.

[27] As to the second step, Garrett doesn't contend that battery with a deadly weapon is inherently included in criminal recklessness while armed with a deadly weapon, or vice versa. Rather, he argues that the charging information is ambiguous as to whether one offense was included in the other. We disagree. The charging information for battery with a deadly weapon provided:

> On or about October 17, 2019, Richard Garrett did knowingly touch Toney Williams in a rude, insolent, or angry manner, by shooting at or against the person of Toney Williams; said touching being committed with a deadly weapon (a firearm)[.]

Appellant's App. Vol. 2 pp. 170-71. The charging information for criminal recklessness while armed with a deadly weapon provided:

> On or about October 17, 2019, Richard Garrett did while armed with a deadly weapon, did [sic] recklessly perform an act (shooting on Brouse Ave., a residential street) that created a substantial risk of injury to another person (residents and passerby of the street)[.]

*Id.* at 171. While the battery count was based specifically on the injury to Toney Williams, the criminal-recklessness count was based on the danger that Garrett's gunshots posed to all the people present in that residential area, not just Williams. Because neither offense was included in the other, either inherently or as charged, there is no double jeopardy.

## III. Garrett's four convictions for carrying a handgun without a license constitute double jeopardy

[28]    Garrett contends that his four convictions for Class A misdemeanor carrying a handgun without a license constitute double jeopardy under *Powell v. State*, 151 N.E.3d 256 (Ind. 2020). Whereas *Wadle* addresses convictions under multiple statutes, *Powell* addresses multiple convictions under a single statute. *Powell*, like *Wadle*, was decided after Garrett committed his offenses, but both parties treat it as controlling. Again, we will do the same.

[29]    Under *Powell*'s two-step test, we must first determine whether the statute at issue clearly indicates a "unit of prosecution." 151 N.E.2d at 264. "[A] unit of prosecution is 'the minimum amount of activity a defendant must undertake, what he must do, to commit each new and independent violation of a criminal statute[.]'" *Barrozo v. State*, 156 N.E.3d 718, 725 (Ind. Ct. App. 2020) (quoting *United States v. Rentz*, 777 F.3d 1105, 1109 (10th Cir. 2015) (en banc)). If the statute clearly indicates a unit of prosecution—that is, if the statute allows multiple convictions for a single criminal act or transaction, or if it allows only one conviction for a single criminal act or transaction—the court follows the legislature's guidance and the analysis is complete. *Powell*, 151 N.E.3d at 264.

[30] The statute at issue is Indiana Code section 35-47-2-1. The legislature amended the statute in 2022 to provide that a license isn't required to carry a handgun. *See* Pub. L. 175-2022, § 8. But at the time of Garrett's offenses, the statute provided that, generally, "a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun," and that "[a] person who knowingly or intentionally violates this section commits a Class A misdemeanor." I.C. § 35-47-2-1(a), (e) (2019). That language didn't clearly indicate a unit of prosecution, that is, it didn't specify when multiple convictions are permissible. Therefore, we must move to the second step of the *Powell* test.

[31] At the second step, "a court must determine whether the facts—as presented in the charging instrument and as adduced at trial—indicate a single offense or whether they indicate distinguishable offenses." *Id.*

> To answer this question, we ask whether the defendant's actions are so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. If the defendant's criminal acts are sufficiently distinct, then multiple convictions may stand; but if those acts are continuous and indistinguishable, a court may impose only a single conviction. Any doubt counsels against turning a single transaction into multiple offenses.

*Id.* at 264-65 (quotation altered). Here, in affirming the trial court's denial of Garrett's motion to sever the charges for trial, we held that a single trial was appropriate because all the charges were based on a series of acts connected together, that is, an eight-day crime spree. While that crime spree consisted of

many different crimes against many different victims in many different locations, one thing that remained the same throughout the spree was that Garrett carried and used his .45 caliber handgun. Based on this continuity of action, we conclude that only one conviction for carrying a handgun without a license is permitted. We therefore remand to the trial court with instructions to vacate the convictions and sentences for three of the four counts.[3]

[32] Affirmed in part, reversed in part, and remanded.

Tavitas, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

---

[3] Garrett also argues that his multiple handgun convictions constitute double jeopardy under federal law. Because Garrett prevails under Indiana law, we need not address his federal argument. We also note that vacating three of the four handgun convictions won't impact Garrett's overall sentence, as the trial court imposed concurrent sentences for those convictions.